931 So.2d 353 (2006)
STATE of Louisiana
v.
Jeneine PARKER.
No. 2006-KK-0053.
Supreme Court of Louisiana.
June 16, 2006.
*354 PER CURIAM.
Writ granted. The judgment of the trial court, granting the defendant's motion to suppress the evidence, is reversed.
Two New Orleans police officers, while on routine patrol, observed the defendant attempting to open the locked door of an obviously closed business. The business was closed even though it was mid-morning on a weekday. The officers approached the defendant and asked if she worked there, to which she replied in the negative. The officers observed that her eyes were bloodshot and that she was incoherent and unsteady on her feet. They asked her for identification and if she was on medication. She stated that she did not have any identification and that she had smoked crack cocaine earlier.
Given the defendant's statement and her condition, the officer arrested her for drug incapacitation. As they were conducting a search incident to arrest, the officers discovered a cigarette pack containing crack cocaine. The state filed a bill of information charging the defendant with possession of cocaine in violation of La.Rev.Stat. 40:967 C(2).
In granting the defendant's motion to suppress, the trial court found there was no probable cause to arrest the defendant and impliedly found that the search was illegal. We find the trial court erred in its determination that there was no probable cause to arrest the defendant.
The officers did not need either reasonable suspicion for an investigatory stop or probable cause for an arrest to approach the defendant, inquire why she was attempting to open the locked door to a closed business, and ask for identification. *355 Mere communications between officers and citizens implicates no Fourth Amendment concerns where there is no coercion or detention. State v. Fisher, 97-1133, pp. 4-5 (La.9/9/98), 720 So.2d 1179, 1183, (citing United States v. Watson, 953 F.2d 895, 897, n. 1 (5th Cir.1992), cert. denied, 504 U.S. 928, 112 S.Ct. 1989, 118 L.Ed.2d 586 (1992)). Under Section 54.405 of the New Orleans Municipal Code, it is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property. The state met its burden of showing the officers had probable cause to arrest the defendant for violation of the ordinance. At the hearing, the officer testified that the defendant was incoherent and unsteady on her feet. Her eyes were bloodshot and in response to their question of whether she was on medication, she replied that she had smoked crack cocaine. Given these facts, the trial judge erred in finding the police did not have probable cause to arrest the defendant for the offense of public intoxication. The officers had probable cause with respect to each element of the offense: the defendant was in public, manifestly under the influence of alcohol or drugs not therapeutically administered, to the degree that she endangered herself or property. Probable cause to arrest exists when the facts and circumstances known to the arresting officer, and of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary caution in the belief that the accused has committed an offense. State v. Ceasar, 02-3021, p. 6 (La. 10/21/03), 859 So.2d 639, 644. It is well established that a search incident to a lawful custodial arrest is a limited exception to the constitutional prohibition of warrantless searches. United States v. Robinson, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973); State v. Breaux, 329 So.2d 696, 699 (La.1976).
The trial court ruling on the defendant's motion to suppress is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
JOHNSON, J., dissents and would deny.