MOORE, J.
11 Following his guilty plea (with reservation of rights) to drugs and weapons charges, Michael Thigpen appeals the denial of his motion to suppress all evidence seized in the search of the pickup truck in which he was riding. We affirm.

Evidence on the Motion to Suppress

Only one witness, Deputy Brandon Fleming of the Richland Parish Sheriffs Office, testified at the hearing on the motion to suppress. He was patrolling Hwy. 137, just south of Rayville, Louisiana, around 11:30 p.m. on August 26, 2005, when he saw a northbound Chevy extended-cab pickup cross the highway’s fog line three times. He estimated it crossed the line about one-half the truck’s width, so he pulled it over and asked the driver to step out. The driver handed him a driver’s license identifying him as Ryan Lary. Deputy Fleming thought Lary appeared very nervous and hesitant to answer any questions; also, he could not produce his vehicle registration. He asked Lary to stand near the rear of the truck while he went to speak to the passenger.
The passenger told Deputy Fleming that he had no ID but said his name was Michael Thigpen. While speaking to Thig-pen, the deputy noticed a spray-painted, five-gallon butane tank and some hoses on the rear seat of the extended cab, and a syringe in the cup holder of the front seat. In his experience investigating methamphetamine cases, he had seen spray-painted butane tanks used to steal anhydrous ammonia. He also testified that two other deputies, Joel Williams and Perry Fleming, had been investigating the suspected theft of anhydrous ammonia from a farm about a mile away and |2had developed Thigpen as a suspect. Deputy Fleming was also aware of Thigpen’s criminal history, which included burglaries and a weapons charge. With this knowledge and his observation of the things in the truck, Dep. Fleming called for backup and placed the two men under arrest.
Conducting a search incident to arrest, Dep. Fleming felt what he believed to be bullets in Thigpen’s front right pocket. He also found a machete tucked between the passenger seat and center console. He placed both men in handcuffs and, with Lary’s consent, searched the truck. In addition to the butane tank, hoses and syringe, he found a .32 caliber Beretta handgun in the pocket of the passenger side door. He also found coffee filters, which he testified could be used in the manufacture of methamphetamine. Finally, he testified that when Thigpen was booked into the detention center, his pockets contained five .32 caliber bullets.
Thigpen was charged by bill of information with conspiracy to manufacture methamphetamine, theft of anhydrous ammonia and possession of a firearm by a convicted felon. He filed a motion to suppress all evidence seized in the search of the truck. After a hearing in August 2006, the district court denied the motion.
Thigpen then entered an agreement with the state whereby he pled guilty to conspiracy to manufacture methamphetamine and possession of a *480 firearm by a convicted felon, reserving his right to challenge the ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In exchange, the state agreed to concurrent sentences of 15 years on each count; to dismiss the charge of theft of anhydrous ammonia; and not to | .¡charge Thigpen as an habitual offender. The district court accepted the guilty plea and sentenced Thigpen in accordance with the agreement. This appeal followed.

Discussion

By one assignment of error, Thigpen urges the district court erred in denying his motion to suppress. He contends that immediately after the stop and verbal exchange between the deputy and the driver of the truck, there was no rationale for reasonable suspicion of separate illegal activity on either the part of the driver or the defendant. Specifically, Deputy Fleming admitted that drivers are normally nervous when pulled over for traffic offenses; he also did not know the driver, or whether his speech pattern included stuttering. Further, the syringe was clean (a lab test showed it contained no controlled dangerous substances) and butane tanks have legitimate purposes other than stealing anhydrous ammonia. He concludes that these facts do not create a particularized and objective basis for suspecting him of criminal activity. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).
The state responds that under the totality of the circumstances, each step of the stop and search was reasonable: Deputy Fleming had a legitimate reason to stop the truck for repeatedly weaving halfway out of its lane; the driver’s nervous and unresponsive conduct warranted him in approaching the truck and questioning the passenger. Most importantly, the items in plain view, together with the deputy’s knowledge of Thigpen’s | criminal history, provided a particularized basis to search the truck. State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330.
Thigpen does not contend that Dep. Fleming lacked an objectively reasonable basis for initially stopping Lary’s truck. Weaving over the fog line provided such a basis. State v. Waters, 2000-0356 (La.3/12/01), 780 So.2d 1053; State v. Durke, 2003-3174 (La.10/14/04), 885 So.2d 513.
Once an officer has lawfully stopped a vehicle for a routine traffic violation, he is authorized to order both the driver and passenger out of the vehicle for his own safety and that of the occupants. Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); State v. Benoit, 2001-2712 (La.5/14/02), 817 So.2d 11. An officer’s request for identification from the passenger of a vehicle stopped for a traffic violation does not impermissibly infringe on his right to privacy. State v. Landry, 588 So.2d 345 (La.1991).
The officer may lawfully arrest a person without a warrant when he has “reasonable cause” (understood to be probable cause) to believe that the person to be arrested has committed an offense. La. C. Cr. P. art. 213. Probable cause exists “when the facts and circumstances known to the arresting officer, and of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in belief that the accused has committed an offense.” State v. Parker, 2006-0053 (La.6/16/06), 931 So.2d 353. All the information in the possession of the officer is to be considered in determining whether probable cause existed. State v. Buckley, 426 So.2d 103 (La.1983). The quantity and quality of evidence needed for probable cause are measured by lesser standards *481 than those for conviction of |5the defendant at trial. Brinegar v. United States, 838 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Buckley, supra.
Once he has effected a lawful custodial arrest of the occupants of a vehicle, the officer may search the passenger compartment of the vehicle as a contemporaneous incident of arrest. Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004); New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Canezaro, 2007-0688 (La.6/1/07), 957 So.2d 136.
After the initial lawful stop, Deputy Fleming questioned the driver, finding him nervous and unresponsive. His decision to ask the passenger for identification was a de minimis intrusion that did not imper-missibly infringe on Thigpen’s right to privacy. Maryland v. Wilson, supra; State v. Landry, supra.
Deputy Fleming recognized the butane tank and rubber hose as items commonly used to steal anhydrous ammonia for the manufacture of methamphetamine. Another court has already noted that these items are often put to that purpose. State v. Theriot, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016. Although they have obvious legal uses, the combination of facts known to Deputy Fleming fully warranted his suspicion that they were meant for an illegal enterprise. The driver’s nervousness, the late hour, the close proximity to a farm where anhydrous ammonia had recently been stolen, and Thigpen’s name as a suspect in that offense, all created probable cause to arrest him for attempted theft of anhydrous ammonia or conspiracy to manufacture methamphetamine. The subsequent search incident to the arrest was plainly valid. State v. Canezaro, supra. The | ^district court did not err in denying the motion to suppress.

Conclusion

We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, the convictions and sentences are affirmed.
AFFIRMED.