991 So.2d 583 (2008)
STATE of Louisiana
v.
Thomas WELLS.
No. 2008-KA-0211.
Court of Appeal of Louisiana, Fourth Circuit.
August 20, 2008.
Keva Landrum-Johnson, District Attorney of Orleans Parish, Battle Bell IV, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
JAMES F. McKAY III, Judge.

STATEMENT OF CASE
On April 3, 2007, the state filed a bill of information charging the appellant with possession of cocaine. He failed to appear for his arraignment on April 25, 2007, and a capias was issued for his arrest. The appellant was subsequently arrested, and on July 24, 2007, he entered a not guilty plea. A hearing on pretrial motions began on August 24, 2007 and concluded on August 30, 2007. The district court found probable cause and denied the motion to *584 suppress the evidence. The appellant's motion to suppress the statement was granted. On August 31, 2007, he withdrew his not guilty plea and entered a guilty plea as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to suppress the evidence. The district court ordered a presentence investigation. On November 9, 2007, the appellant was sentenced to serve three years at hard labor. His oral motion to reconsider sentence was denied; the appellant's motion for appeal was granted.

STATEMENT OF FACT
The transcript of the hearing on motions reflects that on March 3, 2007, Officer Andrew Parker was patrolling when he observed appellant staggering as if intoxicated while walking along the sidewalk in the 100 block of North Galvez Street. The officer arrested the appellant for public intoxication because he was concerned for the appellant's safety. It was approximately 2:25 a.m., and the area was a high crime area. Officer Parker noted that the appellant's speech was slightly slurred and that he was speaking rapidly. He did not smell any alcohol on the appellant's breath.
After reading him his Miranda rights, which the appellant indicated that he understood, the officer conducted a search incident to his arrest and found cocaine in the appellant's right front pants pocket. The appellant told the officer that he purchased the cocaine from someone at a gas station at the corner of Canal and Galvez Streets. He consented to be relocated to the gas station so that he could attempt to identify the seller of the cocaine. The appellant did not make an identification.

ERRORS PATENT
None.

ASSIGNMENT OF ERROR
By his sole assignment of error, the appellant contends that the district court erred by denying his motion to suppress the evidence. Specifically, he argues that Officer Parker used his supposed intoxication as a pretext to arrest him. Without this arrest, the officer would not have searched him and found the cocaine.
In State v. Thompson, XXXX-XXXX, pp. 5-6 (La.4/9/03), 842 So.2d 330, 335, the Court set forth the standard for determining whether an officer can lawfully detain a defendant:
Reasonable suspicion for an investigatory stop is something less than probable cause and must be determined under the specific facts of each case by whether the officer had sufficient knowledge of particular facts and circumstances to justify the infringement on individual's right to be free from governmental interference. State v. Varnell, 410 So.2d 1108 (1982); State v. Bickham, 404 So.2d 929 (La.1981); State v. Blanton, 400 So.2d 661 (La.1981); State v. Ault, 394 So.2d 1192 (La. 1981).... In determining whether or not reasonable cause exists to temporarily detain a person, the totality of the circumstances, "the whole picture," must be considered. State v. Belton, 441 So.2d 1195, 1198 (La.1983) (citing United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).)
By contrast: "Probable cause to arrest exists when the facts and circumstances known to the officer, and of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed an offense." State v. Parker, XXXX-XXXX, p. 2 (La.6/16/06), 931 So.2d 353, 355.
§ 54-405 of the New Orleans Municipal Code provides: "It is unlawful for any *585 person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property." See State v. Cambrice, XXXX-XXXX, XXXX-XXXX (La.App. 4 Cir. 9/8/04), 884 So.2d 628; State v. Smiley, 99-0065 (La.App. 4 Cir.3/3/99), 729 So.2d 743.
In Cambrice, this Court was faced with an initial charge of public intoxication, which provided the justification for the search incident to arrest, during which an illegal weapon was found. There the officers saw Cambrice sleeping on a duffel bag at the ferry landing, an area where there had been citizen complaints relating to public intoxication and gambling. This Court stated that they were justified in approaching Cambrice to inform him that he was violating a city ordinance, MCS § 54-412. The officers then woke him to determine whether he was unconscious or simply asleep. Once they had approached Cambrice and awakened him, they noticed that his breath smelled of alcohol and that his speech was slurred. Based on the circumstances, this Court noted that the officer concluded that Cambrice was intoxicated and arrested him for a violation of MCS § 54-405.
Cambrice argued that he should not have been arrested for public intoxication because he presented no danger to himself or others. This Court concluded:
The issue is not whether he, in fact, presented a danger to himself or others. The issue is the degree of his intoxication. Because Mr. Cambrice was obviously intoxicated to a degree that he might present a danger to himself or others, his conduct fell within that proscribed by section 54-405 Code of the City of New Orleans. It was sufficient for the police officers to have reasonably believed, based on the totality of the circumstances and their prior experience, that Mr. Cambrice was intoxicated to such a degree that he might endanger himself or others.
Id. at p. 7, 884 So.2d at 632. This Court noted that Cambrice was in close proximity to the Mississippi River, and he could have stumbled and fallen into the water. This Court stated that no one was with Cambrice to assist him "while he was intoxicated so that he did not inadvertently place himself in harm's way. Finally, he could have been a danger to tourists and others who frequented the ferry landing if he accosted them because of his lack of inhibition due to his intoxication." Id. This Court concluded that the officer had probable cause to arrest Cambrice for public intoxication. Id.
This Court also discounted Cambrice's reliance on State v. Smiley, 99-0065 (La. App. 4 Cir.3/3/99), 729 So.2d 743,[1] because Smiley was arrested to prevent him from entering his truck and driving while intoxicated. In Smiley this Court affirmed the trial court's decision finding no probable cause and suppressing the evidence. Id. at p. 7, 729 So.2d at 748. Additionally, this *586 Court noted that Smiley was accompanied by two companions who could have driven the truck, and there was no indication that he would disturb or alarm the public. This Court pointed to the fact that Cambrice was alone with no one to assist him while he was intoxicated, and he was likely to alarm or disturb the public. Unlike Smiley, who was arrested as he was leaving a bar where he had been drinking, Cambrice was sleeping in a public area frequented by tourists as well as the local citizens, who would not expect a person at the ferry landing to be inebriated. Id. at pp. 7-8, 884 So.2d at 633.
In Smiley, 729 So.2d at 746, this Court had discussed the fact that being intoxicated is not prohibited and noted the relevant statutes:
It is unclear under exactly what provision the defendant was arrested at that point. The only statute which could possibly apply would be LSA-R.S. 14:103, the disturbing the peace statute. Subpart A provides in part: "Disturbing the peace is the doing of any of the following in such a manner as would foreseeably disturb or alarm the public: ... (3) Appearing in an intoxicated condition." Here, there was nothing in the officer's testimony which should have led him to believe that the defendant's staggering would disturb or alarm the public. A more analogous provision could be § 54-405 of the New Orleans Municipal Code, which provides: "It is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property." However, again there was nothing in the officer's testimony which indicated the defendant's actions at the time he was leaving the bar would endanger the public. The officer testified he arrested the defendant to keep him from entering his truck and driving while intoxicated. However, the officers did not know that the defendant would be leaving anytime soon or that if he were leaving that he would be driving his truck, given the fact that he had two companions with him who could possibly drive, and the officer gave no indication of their condition. Therefore, at the time the officers placed the defendant under arrest, there was no probable cause to arrest him. Thus, the subsequent search which produced the cocaine could not be validated as a search incident to his arrest.
Id. at pp. 4-5, 729 So.2d at 746.
The appellant urges that based upon Cambrice and Smiley, the pertinent inquiry is not whether the appellant was simply intoxicated, but whether the circumstances warranted an arrest because the appellant was either a danger to himself or others. In support of his claim, the appellant relies upon the case of State v. Hawkins, XXXX-XXXX (La.App. 4 Cir. 1/11/06), 923 So.2d 763.
In Hawkins, this Court determined that the record failed to show that the defendant was a danger to herself or others or that she was a disturbance to the public. The facts showed that the defendant was arrested because she was drunk. The arresting officers stopped her because she was swaying and staggering. When the officers questioned her, she attempted to walk away, almost falling in the process.
Nothing in the record evidences that Ms. Hawkins was behaving in an irrational manner, was incapable of discerning what the officers were asking of her or that they had received any reports regarding an intoxicated person walking along the sidewalk or in the middle of Newton Street. The officers never indicated that Ms. Hawkins was weaving *587 into the street, nor was there any indication that there were other persons in the area who might have been disturbed by her presence in an intoxicated state. In the absences of such evidence, in light of the fact that neither of the police officers who observed Ms. Hawkins that night testified that they felt she was a danger to herself and based upon the testimony of Officer Burton that Ms. Hawkins was arrested because they felt she was a danger to the public, we cannot say that her mere intoxication was sufficient to warrant an arrest.
According to the municipal statute and Smiley, mere intoxication, is not enough to justify an arrest for public intoxication, unless the subjects were either a danger to themselves or others, or would disturb the peace.
Hawkins, 923 So.2d at 769.
In State v. Parker, XXXX-XXXX (La.6/16/06), 931 So.2d 353, the district court's finding of no probable cause for the defendant's arrest for public intoxication was reversed where the arresting officer observed that the defendant was incoherent, was unsteady on her feet, had bloodshot eyes, and admitted to having smoked crack cocaine. The officers approached the defendant because she was attempting to open the door to a closed business, where she did not work.
When compared to the facts of Hawkins and Parker, the appellant's assignment of error has merit. Notably, Hawkins may be distinguished in that Officer Parker's testimony reflects that he arrested the appellant because he felt that the appellant may endanger himself rather than the public. On the other hand, the appellant's level of intoxication does not appear to be at the level of that found in Hawkins or Parker. The officer did not testify that the appellant was incoherent. Instead, the appellant communicated with the officer, and Officer Parker felt that the appellant understood everything being said. The officer did not smell alcohol, and the appellant did not admit being under the influence of drugs. Further, no evidence was presented that the appellant was unable to stand, and he was not seen doing anything except staggering down the sidewalk. Based upon the totality of the circumstances, we conclude that the appellant was unlawfully arrested, and the district court erred by denying the motion to suppress the cocaine that was seized during the search incident to appellant's arrest. Specifically, the evidence presented does not conclusively show that appellant was incapacitated to such an extent that he may endanger himself despite the fact that he was walking in a high crime area.

CONCLUSION
For the above and foregoing reasons we reverse the appellant's conviction and sentence, vacate the district court's judgment denying the motion to suppress the evidence, and remand the matter to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Factually, two police officers were standing at the corner of St. Ann and Bourbon Streets when an unknown citizen approached them and reported that a man in a nearby truck had just tried to sell him drugs. As the officers looked at the truck, they saw Smiley and two other people leave the truck and stagger into a nearby bar. The unknown citizen identified Smiley as the seller of drugs. The officers called for backup, and a number of officers located Smiley in the bar and asked him to exit with them. Smiley was staggering and weaving, and the officers smelled alcohol on his breath. When they reached the sidewalk, the officers arrested Smiley for public intoxication to prevent him from driving the truck. The officers found a bag containing cocaine in Smiley's pants pocket. Smiley, at pp. 1-2, 729 So.2d at 744.