ROLAND L. BELSOME, Judge.
 

 hThe State of Louisiana charged Edward Williams by bill of information with one count of violating La. R.S. 40:967(0(2), possession of cocaine. The defendant appeared before the trial court for arraignment and pled not guilty to the charge. On March 11, 2009, the trial court heard the defendant’s motion to suppress the evidence and motion to suppress statement and held a preliminary hearing. At the close of the hearing, the trial court denied the defendant’s motions and found sufficient probable cause to substantiate the State’s charge. Subsequently, the defendant filed, and the trial court denied, a motion to reconsider the trial court’s probable cause ruling.
 

 At a later date, the defendant appeared before the trial court and pled guilty to the charge pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). The defendant waived sentencing delays, and the trial court sentenced the defendant to five years at hard labor with the Department of Corrections. Alleging that the defendant was a second offender, the State also filed a multiple bill against the defendant, to which the defendant pled guilty. The trial court then vacated its prior sentence and re-sentenced the defendant to serve seven years at hard labor.
 

 [2The defendant filed a petition for supervisory -writs with this Court seeking a review of the trial court’s March 11, 2009, ruling. This Court granted in part the writ application allowing the defendant to file a motion for appeal into the record.
 
 State v. Williams,
 
 unpub., 2009-0693 (La. App. 4 Cir. 11/3/09). The defendant then filed a motion for appeal.
 

 STATEMENT OF FACT
 

 At the March 11, 2009 suppression hearing, the State elicited testimony from one witness, Officer David Barnes. Officer Barnes testified that on January 28, 2009, he was assigned to the N.O.P.D.’s First District and had the occasion to arrest the defendant near the intersection of North Dupre and Orleans Avenue. Officer Barnes testified that he and his partner were in their patrol vehicle, traveling on North Dupre towards its intersection with Orleans Avenue, and observed the defendant standing near a bicycle. Officer Barnes noted that the defendant was approximately ten to fifteen feet away from the patrol car when he first spotted him. Further, Officer Barnes explained that the defendant drew their attention because he appeared to be having trouble standing up. Officer Barnes described the defendant’s actions as follows:
 

 He was getting off the bicycle and at first we thought he might be sick because it appeared that he was about to throw up in the street. So upon approaching him, we observed that he was more intoxicated than sick. He was— He appeared that he was at one point trying to ride away on the bicycle and was having trouble getting the kickstand down when he was putting the bicycle down.
 

 Based on their observations, Officer Barnes and his partner stopped the defendant, concluded that he was intoxicated and arrested him for violating the municipal ordinance banning public intoxication. Municipal Ordinance 54-405. Officer Barnes testified that the defendant exhibited bloodshot eyes, smelled of [.-¡alcohol,
 
 *246
 
 was uncoordinated with the bicycle, and slurred his words. Further, Officer Barnes stated that he placed the defendant under arrest, instead of merely issuing him a citation, because he believed that the defendant, in his then-drunken state, could pose a threat to himself and others: “If he had decided to ride that bicycle and stumble on Orleans Avenue and get hit by a car, it would have been my responsibility at that point because I knew he was intoxicated and let him go.”
 

 After arresting the defendant, Officer Barnes conducted a search of the defendant’s person, finding a black plastic bag that contained five individually wrapped pieces of what later proved to be crack cocaine in the sock on the defendant’s right foot. When the testimony was concluded, the trial court denied the defendant’s suppression motions and found sufficient probable cause to substantiate the State’s charge. Subsequently, the defendant pled guilty pursuant to
 
 State v. Crosby, supra.
 

 ERRORS PATENT
 

 A review of the record reveals no errors patent.
 

 DISCUSSION
 

 In his sole assignment of error, the defendant argues that his conviction and sentence should be reversed because the trial court erred when it denied his motion to suppress the evidence where the evidence was seized in a search incident to an arrest for public intoxication, which was unlawful. The defendant bases his argument upon the assertion that the State failed to establish that he was a danger to himself or others. Accordingly, the defendant maintains that the trial court should have suppressed the seized heroin because his arrest for public intoxication was unlawful. The State disagrees, arguing that the trial court ruled correctly as Officer Barnes’ testimony shows that at the time of the defendant’s arrest, the|4officers reasonably believed that the defendant may have posed a danger to himself or others.
 

 The State has the burden of proving the admissibility of all evidence seized without a warrant. La. C.Cr.P. art. 703(D). Trial courts are vested with great discretion when ruling on a motion to suppress and, consequently, the ruling of a trial judge on such a motion will not be disturbed absent an abuse of that discretion.
 
 State v. Oliver,
 
 99-1585, p. 4 (La. App. 4 Cir. 9/22/99), 752 So.2d 911, 914. The district court’s findings of fact on a motion to suppress are reviewed under a clearly erroneous standard, and the district court’s ultimate determination of Fourth Amendment reasonableness is reviewed
 
 de novo. State v. Pham,
 
 2001-2199, p. 4 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218 (citing
 
 U.S. v. Seals,
 
 987 F.2d 1102 (5 Cir.1993),
 
 cert. denied
 
 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116.)
 

 Search incident to arrest is a long recognized exception to the warrant requirement.
 
 State v. Parker,
 
 2006-0053, p. 3 (La.6/16/06), 931 So.2d 353, 355. When a law enforcement officer has probable cause to believe that a person has committed a crime, he may place that person under arrest. Incident to that lawful arrest, the officer may legally conduct a full search of the arrestee and the area within his immediate control for weapons and for evidence of a crime.
 
 State v. Robertson,
 
 2002-0156, p. 7 (La.App. 4 Cir. 2/12/03), 840 So.2d 631, 636. Probable cause to arrest exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime.
 
 State v. Wilson,
 
 467 So.2d 503, 515 (La.1985).
 

 
 *247
 
 |fiIn the present ease, the complained of search occurred incident to the defendant’s arrest for violation of New Orleans Municipal Code 54-405, which provides:
 

 It is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property.
 

 The defendant cites to two cases emanating from this Court in support of his argument,
 
 State v. Smiley,
 
 99-0065 (La.App. 4 Cir. 3/3/99), 729 So.2d 743 and
 
 State v. Hawkins,
 
 2005-0810 (La.App. 4 Cir. 1/11/06), 923 So.2d 763. In
 
 State v. Smiley,
 
 officers patrolling the French Quarter when an unknown man approached them and reported that a man in a nearby truck had just tried to sell him drugs.
 
 Smiley,
 
 99-0065, 729 So.2d at 744. While observing the truck, they noticed the defendant and two other people leave the truck and stagger into a nearby bar.
 
 Id.
 
 The unknown man identified Smiley as the man who tried to sell him drugs.
 
 Id.
 
 The officers called for backup, and within five minutes four officers entered the bar and eventually located Smiley.
 
 Id.
 
 Smiley agreed to accompany the officers outside.
 
 Id.
 
 The officers noticed Smiley was having difficulty making his way out of the bar, staggering and weaving.
 
 Id.
 
 One officer also got close to Smiley as he exited the bar and smelled alcohol on Smiley’s breath.
 
 Id.
 
 When they reached the sidewalk, the officer placed Smiley under arrest for public intoxication, purportedly to keep him from driving away in the truck.
 
 Id.
 
 The officer testified that as one officer was pulling items out of Smiley’s pants pocket, a bag of what was later found to be cocaine came out of his pocket.
 
 Id.
 
 The trial court found no probable cause for Smiley’s arrest for public intoxication and suppressed the evidence.
 

 |fiThis Court concluded that although the officer had reasonable cause to stop the defendant based on the fact that a citizen had identified him as the man who had tried to sell him drugs, there was not sufficient grounds for arrest.
 
 Smiley,
 
 99-0065, pp. 4-5, 729 So.2d at 746.
 

 The officer testified that he arrested the defendant for public intoxication to prevent him from driving away in his truck.
 
 Smiley,
 
 99-0065, pp. 4, 729 So.2d at 746. This Court discussed the fact that mere “public intoxication” was not prohibited by municipal ordinances or state statutes. It is only when he may endanger himself or other persons or property. Municipal Ordinance 54^405. This Court further noted the testimony did not establish any danger and even though the officer said he did not want him driving, there was no indication he intended to get behind the wheel.
 
 Id.
 
 “Therefore, at the time the officers placed the defendant under arrest, there was no probable cause to arrest him. Thus, the subsequent search, which produced the cocaine, could not be validated as a search incident to his arrest.”
 
 Id.
 

 In
 
 State v. Hawkins,
 
 this Court reversed a defendant’s conviction for possession of cocaine, finding the underlying arrest for public intoxication illegal.
 
 Hawkins,
 
 2005-0810, 923 So.2d 763. Specifically, officers on patrol observed Hawkins, “stumbling, staggering down the sidewalk” and they thought she “appeared to be heavily intoxicated.”
 
 Id.,
 
 pp. 9, 923 So.2d at 768. They stopped to see if the defendant was all right.
 
 Id.
 
 She exhibited slurred speech, her motor skills were impaired, and she also reeked of alcohol.
 
 Id.
 
 One of the officers testified that they “knew right off the bat that she was highly intoxicated.”
 
 Id.
 
 The officer further testified that the defendant made no statements except that she questioned |7the officers about what she had done, stating “I’m not drunk. I only had a couple of beers.”
 
 Id.
 

 
 *248
 
 This Court found the defendant had been illegally arrested because the evidence in the record did not support the officers’ contention that Hawkins was a danger to the public. This Court stated that her mere intoxication was insufficient to warrant an arrest, citing to Municipal Ordinance 54-405 and
 
 Smiley.
 

 More recently, the Supreme Court has addressed the issue in
 
 State v. Parker,
 
 2006-0053 (La.6/16/06), 931 So.2d 353. The facts in
 
 Parker
 
 were as follows:
 

 Police officers, while on routine patrol, observed a woman attempting to open the locked door of an obviously closed business. The business was closed even though it was mid-morning on a weekday. The officers approached the woman and asked if she worked there, to which she replied in the negative. The officers observed that her eyes were bloodshot and that she was incoherent and unsteady on her feet. They asked her for identification and if she was on medication. She stated that she did not have any identification and that she had smoked crack cocaine earlier. Given the defendant’s statement and her condition, the officer arrested her for public intoxication. As they were conducting a search incident to arrest, the officers discovered a cigarette pack containing crack cocaine.
 

 2006-0053, p. 1, 931 So.2d at 354.
 

 The trial court granted the defendant’s motion to suppress, finding that the officers lacked probable cause to arrest. This Court affirmed in an unreported decision. The State sought writs. The Supreme Court granted writs and reversed.
 
 [1]
 

 | sLater, in
 
 State v. Wells,
 
 2008-2262 (La.7/6/10), 45 So.3d 577, the Supreme Court again addressed the issue of arrest pursuant to New Orleans Municipal Code 54-405. According to the testimony, police officers viewed the defendant staggering and he appeared to be intoxicated as he proceeded along the sidewalk.
 
 Id.,
 
 2008-2262 p. 2, 45 So.3d at 579. He was arrested and searched. Two pieces of crack cocaine were discovered in defendant’s pants pocket.
 
 Id.
 
 He claimed he had purchased the drugs from someone at a nearby gas station.
 
 Id.
 
 The seller was never identified.
 
 Id.
 
 The defendant was charged with possession of cocaine and pled not guilty.
 
 Id.
 
 2008-2262 p. 3, 45 So.3d at 579.
 

 The defendant filed a motion to suppress his statement and the physical evidence. At the hearing on the motion to suppress, the arresting officer testified that:
 

 ... he arrested defendant because he “appeared very intoxicated.” Defendant was in a “very high-crime neighborhood.” According to the officer’s testimony, the area was plagued with “a lot of drug activity, ... shootings and homicides [and] robberies.” Officer Parker testified he wanted to remove him from the area for defendant’s own safety.
 
 *249
 
 Additionally, Officer Parker stated, “I didn’t want him to wander off into traffic and get hit by a car, ... to get robbed.”
 

 2008-2262, p. 3, 45 So.3d at 580.
 

 Based upon the officer’s testimony, the trial court denied the motion to suppress the evidence, specifically finding the officer acted “in good faith.” The defendant appealed to this Court, which vacated the trial court’s judgment, and reversed the defendant’s conviction and sentence.
 
 State v. Wells,
 
 2008-0211 (La.App. 4 Cir. 8/20/08), 991 So.2d 583. This Court analyzed the case under
 
 Hawkins
 
 and
 
 Parker
 
 and found that the evidence presented did not conclusively show that appellant was incapacitated to such an extent that he may endanger himself.
 
 Wells,
 
 2008-0211, pp. 7-8, 991 So.2d at 586-587.
 

 |flThe State filed writs, the Louisiana Supreme Court granted certiorari, and reversed this Court.
 
 Wells,
 
 2008-2262, p. 10, 45 So.3d at 584. In reversing this Court, the Supreme Court concluded that this Court first erred by substituting its own credibility evaluations for those of the trial court, which specifically found the testifying officer to be in good faith.
 
 Id.
 
 Further, the Supreme Court in
 
 Wells
 
 noted that this Court erred by requiring the State to show conclusively that the defendant violated the applicable municipal ordinance.
 
 [2]
 

 In conclusion, the Supreme Court, reiterating that intoxication alone is not sufficient to establish a violation of the ordinance, declared that each case must be determined on its own set of facts and circumstances.
 
 Wells,
 
 2008-2262, p. 10, 45 So.3d at 583-584. More specifically, the trial court must determine whether the officer acted in good faith and has articulated sufficient facts to establish probable cause to arrest.
 
 Id.
 
 “The trial court’s evaluation should not be overturned absent an abuse of the great discretion afforded the trial court’s ruling.”
 
 Id.
 

 In light of the Supreme Court’s recent opinions in
 
 Parker
 
 and
 
 Wells,
 
 we are directed to evaluate whether the arresting officer acted in good faith and has articulated sufficient facts to establish probable cause to arrest. When making that determination, this Court must give deference to the trial court’s factual findings. Although the trial court in the present case did not specifically note that it found | Tnthe arresting officers in the present case to be in good faith, it would be reasonable to presume such a finding from its ruling.
 

 At the hearing, Officer Barnes provided detailed testimony regarding the defendant’s physical and mental capabilities at the time he was initially questioned. He was confident that the defendant was intoxicated and posed a threat to himself or others. Under the facts and circumstances of this case the trial court was within its discretion when it denied the motion to suppress.
 

 For the reasons discussed, the trial court’s ruling denying the motion to suppress is hereby affirmed.
 

 AFFIRMED
 

 [1]
 

 . In a per curiam opinion the Supreme Court stated:
 

 The state met its burden of showing the officers had probable cause to arrest the defendant for violation of the ordinance. At the hearing, the officer testified that the defendant was incoherent and unsteady on her feet. Her eyes were bloodshot and in response to their question of whether she was on medication, she replied that she had smoked crack cocaine. Given these facts, the trial judge erred in finding the police did not have probable cause to arrest the defendant for the offense of public intoxication. The officers had probable cause with respect to each element of the offense: the defendant was in public, manifestly under the influence of alcohol or drugs not therapeutically administered, to the degree that she endangered herself or property.
 
 Parker,
 
 2006-0053, p. 2, 931 So.2d at 355.
 

 [2]
 

 . The Supreme Court wrote:
 

 In
 
 State v. Pham,
 
 01-2199, p. 6 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 219-220, the court stated: "For an arrest, the law does not require that 'reasonable cause to believe’ be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person's guilt. The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt....”
 

 Wells,
 
 2008-2262, pp. 6-7, 45 So.3d at 582.