PAUL A. BONIN, Judge.
 

 | [After his conviction for possession of cocaine
 
 [1]
 
 and his sentencing to thirty months,
 
 [2]
 
 Kevin Lee, the defendant, appealed. On appeal he argues that the trial judge’s decisions in connection with the hearing on his motion to suppress the evidence prevented him from presenting a defense to what he characterizes “an unlawful seizure.”
 
 [3]
 

 At the hearing on his motion to suppress the evidence, Mr. Lee objected to the trial judge’s curtailing his cross-examination of the testifying police officers, and he requested that the trial judge recess the hearing or hold it open in order that he could subpoena a non-police witness on his behalf. The trial judge denied his request. Later, right before the commencement of trial, he requested that the trial lajudge reopen the suppression hearing for additional testimony. The trial judge also denied that request.
 

 We have reviewed Mr. Lee’s arguments under an abuse-of-discretion standard. Because we find that the trial judge did
 
 *1194
 
 not abuse her discretion in the rulings of which Mr. Lee complains, and that the resulting ruling which admitted the seized cocaine
 
 [4]
 
 at Mr. Lee’s trial was correct, we affirm his conviction and sentence.
 
 [5]
 

 We briefly explain our decision below.
 

 I
 

 In this Part we describe the suppression hearing.
 

 A
 

 The only witness to testify at the suppression hearing was police officer Robert Ponson. On direct examination, Officer Ponson explained that on April 24, 2009, he and his partner, Officer Sherman Skipper, responded to a domestic-disturbance dispatch in which they were informed that an ex-boyfriend was refusing to leave a residence and that he was possibly armed with a knife. Upon the officers’ arrival on the scene, Mr. Lee was standing on the sidewalk right next to the steps of Wanda Washington’s house. Ms. Washington, the victim, was standing at the top of her steps in the doorway of her home. Ms. Washington’s daughter, Alexis, was standing in the house near her mother. Ms. Washington and Mr. Lee appeared to be arguing.
 

 The officers learned from Ms. Washington that she had been dating Mr. Lee but had demanded on the day before that he leave her home. On this particular |sday, she had allowed Mr. Lee to return in order to retrieve his belongings. When Mr. Lee refused to leave, Ms. Washington’s daughter telephoned the 9-1-1 operator. She told the operator that she believed Mr. Lee had armed himself with a knife from the kitchen.
 

 Although Alexis heard the discussion between her mother and Officer Ponson, he never spoke directly with her. According to the officer, Ms. Washington herself told Officer Ponson that Mr. Lee was armed with a knife that he had taken form the kitchen and was holding in his waistband. After talking to Ms. Washington, the officers advised Mr. Lee of his Miranda rights and arrested him for disturbing the peace and trespass. Officer Ponson smelled alcohol on Mr. Lee’s breath. Officer Ponson explained that they arrested Mr. Lee under the state statutes and
 
 not
 
 under the similar municipal ordinances. Officer Pon-son did not believe that Mr. Lee would comply with a directive to leave and not return. Thus, he used his discretion to arrest Mr. Lee rather than issue him a court-appearance summons.
 

 During the cross-examination of Officer Ponson, the prosecution made nine objections, four of which were sustained.
 

 The first sustained objection was to a question seeking whether Officer Ponson’s unit was the first to respond to the scene. The prosecution argued that it had been covered in the preliminary hearing. The trial judge found that it was not relevant to the issue triable at a suppression hearing.
 

 The second sustained objection was to the question, “And you said on direct that you spoke with Miss Washington — the mother and the daughter?” The prosecution asserted that the question had been asked and answered and the trial judge apparently agreed.
 

 UThe third sustained objection was to the question, after it was answered, “Is it true to say that you would not have arrested Mr. Lee had he not raised his voice and got into an argument with you?” Nevertheless the trial judge advised the officer
 
 *1195
 
 that he did not have to answer the question.
 

 The fourth and final sustained objection was in response to the question whether the officer thought that the crack cocaine felt through a pat-down of Mr. Lee’s front pocket was a weapon. After confirming with the witness that Mr. Lee was under arrest at the time he discovered the crack cocaine in Mr. Lee’s pants’ pockets, the trial judge sustained the objection.
 

 No knife was found on Mr. Lee’s person during the ensuing search of him by Officer Ponson. Four pieces of crack cocaine, however, were retrieved from Mr. Lee’s pockets.
 

 B
 

 At the conclusion of Officer Ponson’s ■testimony, Mr. Lee moved to hold the hearing open. Notably, Mr. Lee did not elect to avail himself of the provision of La.C.Cr.P. art. 70S E(l) to testify at the suppression hearing and contradict Officer Ponson’s version of events. Instead, he argued to the trial judge about the absence of a possible witness, who is not identified on the record. Mr. Lee referenced an off-the-record discussion which had preceded the commencement of the hearing. He admitted that he had not sought to compel the attendance of the witness through the court’s subpoena power but argued that the witness had previously appeared at court and could be expected to appear in response to a subpoena. Mr. Lee offered no explanation for the failure to issue a subpoena. Mr. Lee’s appellate counsel reasonably infers that the unidentified absent person is Ms. Washington.
 

 |fiMr. Lee argued to the trial court that this missing witness, whom we too assume to be Ms. Washington, would contradict Officer Ponson with regard to the facts underlying his decision to arrest rather than issue a summons to Mr. Lee. Mr. Lee further argued that Ms. Washington’s testimony was important as it would cast light on Officer Ponson’s credibility and also because her testimony would produce evidence to the effect that Officer Ponson lacked a sufficient basis to stop the defendant. Mr. Lee contends that Officer Pon-son testified at the hearing that the absent witness had told him something that she did not in fact tell him.
 

 The trial judge denied defendant’s request on the basis that defendant failed to subpoena the witness for the hearing. The trial judge found that there was sufficient evidence to rule on the constitutionality of the search and seizure and denied the motion.
 
 [6]
 

 II
 

 In this Part we address the standard by which we review the complaints which are raised by Mr. Lee’s assignment of error. We review the complaints under an abuse-of-discretion standard.
 

 A trial judge’s decision on rulings excluding evidence, even when relevant but outweighed by considerations of waste of time, are entitled to considerable deference and cannot be reversed unless a substantial right of a party has been affected.
 
 See
 
 La. C.Evid. arts. 103 A(2) and 403. With respect to affecting a substantial right of a party, at the outset of our analysis we emphasize that the evidentiary rulings were made during or in connection with a pretrial hearing. Generally, an accused’s Sixth Amendment rights respecting confrontation, cross-examination,6 compulsion of attendance of witnesses, and presentation of a defense are only implicated in the context of a trial.
 
 See Crawford
 
 
 *1196
 

 v. Washington,
 
 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Similarly, there is a relaxation in suppression hearings of the evidentiary rules which ordinarily govern the conduct of a trial.
 
 See State v. Shirley,
 
 08-2106, p. 4 (La.5/5/09), 10 So.3d 224, 227 (“hearsay testimony is admissible in a suppression hearing”).
 

 A trial judge’s decision on a motion for recess, as on a motion for continuance, is also reviewed under an abuse-of-discretion standard.
 
 See
 
 La.C.Cr.P. art. 712;
 
 State v. Warren,
 
 437 So.2d 836, 839 (La.1983). Thus, the decision to grant or deny a recess is within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion.
 
 Id.
 
 We also will review Mr. Lee’s motion to reopen the suppression hearing under an abuse-of-discretion standard.
 
 See State v. Cole,
 
 434 So.2d 1103 (La.1983).
 

 Because an abuse-of-discretion standard almost always requires an appellate court to defer to the trial court’s admittedly discretionary ruling, in order to obtain a reversal of such a discretionary ruling, a complaining party is usually required to show that the trial judge’s ruling was based upon a mistaken application of law.
 
 See Koon v. U.S.,
 
 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). When a trial judge’s ruling is based upon a legal mistake, the ruling is no longer entitled to deference by the reviewing court.
 
 Id. (“A
 
 district court by definition abuses its discretion when it makes an error of law.”).
 

 We turn now to the specifics of this case.
 

 Ill
 

 We consider first the relevancy of the evidence which Mr. Lee seems to be seeking both in his restricted cross-examination and in the prospective testimony of |7Ms. Washington. Because the cocaine was seized without a search warrant, the prosecution bore the burden of proving its admissibility.
 
 See
 
 La. C. Evid. art. 703 D. The prosecution relied upon the well-delineated exception to the warrant requirement when the seizure results from a search incident to a lawful arrest.
 
 See Schneckloth v. Bustamonte,
 
 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973);
 
 Chimel v. California,
 
 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969);
 
 State v. Parker,
 
 06-0053, p. 3 (La.6/16/06), 931 So.2d 353, 355, and
 
 State v. Williams,
 
 10-1023, p. 5 (La.App. 4 Cir. 3/16/11), 62 So.3d 244, 246.
 

 Mr. Lee argues that the arrest was not lawful because Officer Ponson should have issued a summons to Mr. Lee for the misdemeanor offenses of disturbing the peace and criminal trespass.
 
 See
 
 La. C.Cr.P. arts. 211 and 211.1. If Officer Ponson had actually issued a summons to rather than effect an arrest of Mr. Lee, the
 
 Chimel
 
 exception would not apply.
 
 See Knowles v. Iowa,
 
 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).
 

 Article 211, which is applicable to the disturbing the peace charge, permits a peace officer to issue a summons under certain conditions. Article 211.1, which governs the criminal trespass charge, mandates the issuance of a summons instead of making an arrest if the officer (1) has reasonable grounds to believe that the person will appear upon summons and (2) has no reasonable grounds to believe that the person will cause personal injury or property damage. But even when an arrest for trespassing is prohibited by state law, an officer does not violate a person’s Fourth Amendment protections by making an arrest based on probable cause.
 
 See Virginia v. Moore,
 
 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). “A State is free to prefer one search-and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less
 
 *1197
 
 restrictive ones unreasonable, and hence unconstitutional.”
 
 Id.
 
 at 174, 128 S.Ct. 1598. Thus, even if Mr. Lee could establish that Officer Ponson violated the mandate of Article 211.1, it would | «only be a violation of state law, and “it is not the province of the Fourth Amendment to enforce state law.”
 
 Id.
 
 at 178, 128 S.Ct. 1598.
 

 The relevant and dispositive issue at the suppression hearing in this case, then, is whether the police officers had probable cause to arrest Mr. Lee for criminal trespass. If the officers had probable cause for the arrest, “the Fourth Amendment permits them to make an arrest,
 
 and to search the suspect in order to safeguard evidence and ensure their own
 
 safety.”
 
 Id.
 
 (emphasis supplied).
 

 IV
 

 With the dispositive issue before us, we consider the merits of each trial court ruling about which Mr. Lee complains.
 

 A
 

 The first is the trial judge’s refusal to recess the suppression hearing (or to reopen it on the morning of trial) in order to obtain the presence of the unidentified witness whom we assume to be Ms. Washington, the girlfriend of Mr. Lee. At the outset we note that Mr. Lee made no offer of proof concerning the facts about which he expected Ms. Washington to testify.
 
 See
 
 La.C.Cr.P. art. 709 A(l). And he surely failed to provide any “[fjacts showing due diligence used in an effort to procure attendance of the witness.”
 
 See
 
 La. C.Cr.P. art. 709 A(3). Thus, there is no question that the trial judge did not abuse her discretion under La.C.Cr.P. art. 712 to deny either the recess of the suppression hearing or the re-opening of the hearing.
 

 Nonetheless, in this case we are able to consider the testimony of Ms. Washington and others. A review on appeal of a trial court’s ruling on a motion to suppress is not limited to evidence adduced at the hearing on the motion to suppress; we also may consider any pertinent evidence introduced at trial.
 
 State v.
 

 Craft,
 
 03-1852 (La.App. 4 Cir. 3/10/04), 870 So.2d 359;
 
 State v. Nogess,
 
 98-0670 (La.App. 4 Cir. 3/3/99), 729 So.2d 132.
 

 Ms. Washington testified at trial that she had known Mr. Lee since the two were children. She stated that prior to the day the police were called, Mr. Lee had been her boyfriend for eight or nine months and had been living at her house. On the day in question she asked Mr. Lee to leave her house, but he refused. He had been drinking. She did not see him with a knife. She stated that she was not really arguing with him; she just wanted him to leave, which is what she told the police when they arrived.
 

 The criminal trespass statute provides
 
 inter alia
 
 that “[n]o person shall remain in or upon property, movable or immovable, owned by another without express, legal, or implied authorization.” La. R.S. 14:63 C.
 

 Thus, on the dispositive issue, Ms. Washington’s trial testimony supported Officer Ponson’s hearing testimony that he had probable cause to arrest Mr. Lee for trespassing on Ms. Washington’s property. Also, Officer Skipper testified that when he and Officer Ponson arrived on the scene they spoke with Ms. Washington. She was standing in the doorway arguing with Mr. Lee. They separated the two to find out what was going on. According to Officer Skipper, Mr. Lee was irate, and while using profane language he stated that he just wanted to talk to Ms. Washington and that he was not leaving until she talked to him. The officers detected the strong odor of alcohol emanating from the defendant’s breath, pores, and clothing.
 

 
 *1198
 
 Ms. Washington’s daughter, Alexis, also testified at trial that Mr. Lee and her mother had been together for many years. She telephoned 9-1-1 because her | ^mother kept asking Mr. Lee to leave and he would not. She believed that he had taken a knife from the kitchen.
 

 In light of all of the trial testimony along with the hearing testimony and of the controlling law, Mr. Lee simply is unable to demonstrate to us that the trial court’s refusal to either recess or re-open the suppression hearing would have resulted in the suppression of the cocaine seized from him incidental to his arrest for disturbing the peace or criminal trespass.
 

 B
 

 We now consider the trial court’s rulings on the four sustained objections which we particularly described in Part I-A,
 
 ante.
 

 The first question sought information from Officer Ponson whether his police unit was the first to arrive at Ms. Washington’s home. The trial judge ruled that the question sought irrelevant information.
 
 See
 
 La. C. Evid. art. 401 (“ ‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”) The relevant issue at this suppression hearing was whether Mr. Lee was lawfully arrested. The trial judge did not abuse her discretion in sustaining this objection.
 

 The second sought information confirming whether Officer Ponson testified on direct that he spoke with Ms. Washington and her daughter. The trial judge does not abuse her discretion by sustaining the objection based on considerations of wasting time.
 
 See
 
 La. C. Evid. art. 403.
 

 The third sought to inquire into Officer Ponson’s subjective motive for arresting Mr. Lee. Probable cause for arrest is determined from objective facts.
 
 U.S. v. Ross,
 
 456 U.S. 798, 808, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). An arresting officer’s subjective motive for making the arrest is not relevant.
 
 Whren v. U.S.,
 
 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). “Evidence which is not relevant is not admissible.” La. C. Evid. art. 402. The trial judge did not abuse her discretion by excluding irrelevant evidence.
 

 The fourth sought to learn whether the officer thought the cocaine in Mr. Lee’s pocket was a weapon. The prosecution was not relying upon the warrant exception which allows for a limited weapons search in connection with a
 
 Terry
 
 stop.
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968);
 
 see also State v. Francis,
 
 10-1149, pp. 7-8 (La.App. 4 Cir. 2/16/11), 60 So.3d 703, 710 (“Importantly, we do not confuse the automatic search authorized incident to a lawful arrest as an analogue for the frisk that accompanies a
 
 Terry
 
 stop.”) The question did not seek relevant evidence and there was no abuse of discretion in excluding such irrelevant evidence.
 

 On each objection we conclude that the trial judge did not abuse her discretion in excluding the evidence.
 

 CONCLUSION
 

 We conclude that the trial judge did not abuse her discretion in denying Mr. Lee a recess of the suppression hearing or in refusing to re-open the hearing on the morning of the trial. We further conclude that the trial judge did not abuse her discretion in sustaining the prosecution’s objections. Thus, we conclude that the trial judge’s rulings did not prevent Mr. Lee from presenting a defense to the offi
 
 *1199
 
 cer’s seizure of the cocaine from his person. Moreover, we conclude that the cocaine, contrary to Mr. Lee’s contention, was constitutionally seized incidental to a lawful arrest and was properly admitted in his trial on charges of possession of cocaine. Mr. Lee does not contest that he was unlawfully in possession of the cocaine and he does not contest the sentence imposed.
 

 | ^DECREE
 

 We affirm the conviction of Kevin Lee for unlawful possession of cocaine and affirm his sentence of imprisonment in the custody of the corrections department for thirty months, credit for time served.
 

 AFFIRMED
 

 [1]
 

 .
 
 See
 
 La. R.S. 40:967 C(2) and La. R.S. 40:964 Schedule II A(4).
 

 [2]
 

 . Mr. Lee admitted to being an habitual offender and his sentence under La. R.S. 15:529.1 A(l).
 

 [3]
 

 . The defendant’s single assignment of error is that ”[t]he trial judge erred in limiting cross examination at the suppression hearing, declining to hold the motion open for additional testimony and in denying defense counsel’s request to reopen the hearing because of the erroneous rulings. The rulings precluded Kevin's Lee's right to present a defense to an unlawful seizure.”
 

 [4]
 

 . Mr. Lee stipulated that the seized substance tested positive for cocaine, as reported by the state’s chemist.
 

 [5]
 

 . We have, as we always do, inspected the record for errors patent and have detected none.
 
 See
 
 La.C.Cr.P. art. 920(2).
 

 [6]
 

 . Just before the commencement of trial, Mr. Lee re-urged his request to re-open the suppression hearing. The trial judge again denied his motion.