PER CURIAM.[1]
hBased on the totality of the evidence presented at the hearing on the motion to suppress, we find no abuse of discretion in the district court’s denial of the defendant’s motion to suppress drug paraphernalia seized during a vehicle inventory search made in connection with her arrest. State v. Burkhalter, 428 So.2d 449, 455 (La.1983) (“In reviewing the trial court’s ruling on defendant’s motion to suppress, this Court looks to the totality of the evidence presented at the motion to suppress hearing and the trial.”); State v. Montejo, 06-1807, p. 21 (La.5/11/10), 40 So.3d 952, 967 (“The trial court is afforded great discretion in ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion.”).
The flight of the defendant’s husband, coupled with his criminal history and prior pseudoephedrine purchases, both of which the police officers were aware, reasonably justified his apprehension and a search of his person, which revealed his possession of methamphetamine. His statements implicating the defendant in criminal activity were freely offered. These statements, combined with the defendant’s flight and her prior pseudoephedrine purchases, provided justification to order the defendant to pull into her driveway for police questioning. Her lack of |2compliance and subsequent flight, during which she engaged in numerous traffic infractions, justified her apprehension and the search of her vehicle.
For these reasons, we find the court of appeal erred in substituting its findings for those of the district court. Accordingly, the court of appeal ruling is reversed, and the district court’s judgment denying the motion to suppress is reinstated. The case is remanded to the district court for further proceedings in light of this order.
REVERSED; DISTRICT COURT RULING REINSTATED; REMANDED.

. Chief Justice Catherine D. Kimball not participating.