MICHAEL E. KIRBY, Judge.
hThe Office of the Orleans Parish District Attorney filed a petition alleging C.R.[1] to be delinquent for violating La. R.S. 40:966(E)(1), Possession of Marijuana (count one), and La. R.S. 40:967(0(2), Possession of Schedule II Controlled Dangerous Substance (count two). C.R. denied the petition and filed a motion to suppress both the evidence seized and a statement made by him during his arrest. The trial court denied the motion, and proceeded to the adjudication hearing. At the conclusion of the hearing, the trial court adjudicated C.R. delinquent as charged. The trial court entered a disposition of commitment to the Department of Public Safety and Corrections for a period of six months as to count one and one year as to count two, to run consecutively to each other and concurrently with the disposition rendered in Juvenile Court case number 2010-166-05-DQ-E, an earlier case in which C.R. was also adjudicated delinquent. The court suspended the execution of the commitment and placed C.R. on active probation under the supervision of the Office of Juvenile Justice for two years, |2with the special condition that C.R. attend the Odyssey House Inpatient Drug Treatment Program. C.R. now appeals the adjudication and disposition.
On the night of June 2, 2010, New Orleans Police Department (“NOPD”) Detective Derrick Burmaster and Officer Corey Hymel were dressed in plain clothes and patrolling in a marked police unit around the intersection of Tulane Avenue and South Lopez Street. The “Chat Room,” an abandoned teen club, faced Tulane Avenue and, directly behind it in the 600 block of South Lopez Street, stood an abandoned, fenced-in house. The area was known for illegal drug activity and vagran *544 cy. According to the officers’ testimony, they spotted C.R. and an adult male, later identified as Devin Joseph, by a vehicle parked in front of the abandoned house on South Lopez Street. C.R. was sitting in the rear, driver-side passenger seat with his feet extended out onto the sidewalk; Joseph was standing on the sidewalk beside the vehicle. As the officers passed by, they detected a strong odor of marijuana, emanating from the vehicle, and decided to exit their unit to investigate further. When the two suspects saw the officers approaching on foot, they were startled. Joseph immediately raised his arms and began walking backwards away from the vehicle, shaking his head back and forth, indicating to the officers that he had nothing to hide. C.R., on the other hand, looked down and appeared to be fumbling near his waistband. Fearing that C.R. might have a weapon, Det. Burmaster ordered him to raise his hands, but he refused. Upon reaching the parked vehicle, Det. Burmaster noticed C.R.’s pants zipper was open with his boxer shorts pulled partially through the opening. Det. Burmas-ter ordered |SC.R. to exit the vehicle, but he refused and continued shoving his fingers into the slit in the boxer shorts. Det. Burmaster then removed C.R. from the vehicle, handcuffed him, and escorted him to the police car. While doing so, Det. Burmaster noticed a plastic bag “consistent with marijuana packaging” protruding from the slit in C.R.’s boxer shorts. At that point, Det. Burmaster advised CR that he was under arrest for possession of marijuana and read him his Miranda rights. According to the officers, C.R. then stated, ‘“I’m a juvenile. It’s just weed.’ ” When Det. Burmaster tried to retrieve the plastic bag, C.R. became combative and kept insisting that Det. Bur-master remove the handcuffs so he could get the bag of marijuana himself. During the struggle, the two men fell and C.R. began rolling on the ground to prevent Det. Burmaster from seizing the bag of marijuana. Det.- Burmaster eventually gained control of C.R. and seized the contraband. Upon further search, Det. Bur-master discovered another plastic bag containing two pieces of crack cocaine in C.R.’s boxer shorts.
In the sole assignment of error, C.R. contends that trial court erred in denying his motion to suppress the evidence and the statement because the police officers lacked probable cause to arrest him.
The Fourth Amendment to the United States Constitution and. Art. I, § 5 of the Louisiana Constitution protect people against unreasonable searches and seizures. A search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamante, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d L854 (1973); State v. Raheem, 464 So.2d 293, 296 (La.1985). A search incident to a lawful custodial arrest is one of the limited exceptions to the constitutional prohibition of warrantless searches. United States v. Robinson, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973); State v. Parker, 2006-0053, p. 3 (La.6/16/06), 931 So.2d 353, 355.
A peace officer may, without a warrant, lawfully arrest a person when he has probable cause to believe the person to be arrested has committed an offense. La. C.Cr. P. art. 213. “Probable cause to arrest exists when the facts and circumstances known to the officer, and of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary caution in the belief that the accused has committed an offense.” Parker, supra, 2006-0053 at p. 2, 931 So.2d at 355.
*545 In reviewing the trial court’s ruling on a motion to suppress, the reviewing court looks to the totality of the evidence presented at the motion to suppress hearing and the trial. State v. Welch, 2011-0274, p. 1 (La.4/29/11), 60 So.3d 603. The trial court is afforded great discretion in ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. Id.
The testimony in this case establishes that the officers were patrolling in an area known for illegal drug activity and vagrancy when they observed the suspects and the parked vehicle in front of the abandoned house. While driving along South Lopez Street, the officers detected a strong odor of marijuana, emanating from the parked vehicle. At that point, the officers had reasonable cause to believe that IsC.R., who was sitting in the vehicle, had committed an offense.[2] The strong odor of marijuana, combined with the suspects’ disparate reactions upon seeing the approaching officers, clearly provided the officers with sufficient probable cause to arrest C.R. Thus, the search and seizure of the contraband incident to the lawful arrest were valid. Likewise, because the officers had probable cause to arrest C.R., the statement he made voluntarily, after being advised of his Miranda rights, was admissible.
Considering the totality of the evidence presented at the adjudication hearing, we find the trial court did not abuse its discretion in denying the motion to suppress both the evidence seized and the statement made by C.R. a result of his arrest.
Accordingly, the September 14, 2010 judgment of the trial court, adjudicating C.R. delinquent, is affirmed.
AFFIRMED

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of

. Cf. State v. Arnold., 2011-0626, p. 2 (La.4/27/11), 60 So.3d 599, 600; State v. Allen, 2010-1016, p. 1 (La.5/7/10), 55 So.3d 756; State v. Waters, 2000-0356, p. 7 (La.3/12/01), 780 So.2d 1053, 1058. (The Supreme Court held that the odor of marijuana emanating from a vehicle provided police officers with sufficient probable cause to conduct a warrantless search of the vehicle.)