STATE OF LOUISIANA

VERSUS

WILLIE YOUNGBLOOD

NO. 21-K-670

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

March 03, 2022

Nancy F. Vega
Chief Deputy Clerk

IN RE STATE OF LOUISIANA

---

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 21-966

---

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst

**WRIT GRANTED**

Relator, the State of Louisiana, seeks review of the district court's judgment granting defendant's motion to suppress his statement.

On March 22, 2021, defendant, Willie Youngblood, was charged by bill of information with first degree robbery.  Defendant filed an omnibus motion, which included a motion to suppress statement.  The motion generally argued that the statements were illegally and unlawfully obtained and should be suppressed.  After a hearing, the trial court granted the motion to suppress defendant's statement, finding it did "not believe it was freely and voluntarily made."

The State has the burden of proving the admissibility of a purported confession or statement by the defendant.  La. C.Cr.P. art. 703 D; State v. Arias-Chavarria, 10-116 (La. App. 5 Cir. 9/28/10), 49 So.3d 426, 433, writ denied, 10-2432 (La. 2/25/11), 58 So.3d 460.  Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove, beyond a reasonable doubt, that the defendant was first advised of his Miranda rights, that he voluntarily and intelligently waived them, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducements, or promises.  Id.  If a statement is a product of custodial interrogation, the State additionally must show that the person was advised before questioning of his right to remain silent; that any statement he makes may be used against him; and that he has a right to counsel, either retained or appointed.  Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

A determination of voluntariness is made on a case-by-case basis, depending on the totality of the facts and circumstances of each situation. Arias-Chavarria, 49 So.3d at 433. The admissibility of a confession or statement is a determination for the trial judge, and the judge's conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession or statement are entitled to great weight and will not be overturned unless unsupported by the evidence. Testimony of the interviewing police officer alone may be sufficient proof that a defendant's statements were freely and voluntarily given. Id.

The right to terminate questioning is a right that must be observed; however, it is not specifically included in the rights that must be verbally advised. State v. Nelson, 02-65 (La. App. 5 Cir. 6/26/02), 822 So.2d 796, 799, writ denied, 02-2090 (La. 2/21/03), 837 So.2d 627. This Court has stated that a confession is coerced if an individual's will was overborne or if his confession was not the product of a rational intellect and a free will, whether by physical intimidation or psychological pressure. State v. Castro, 09-887 (La. App. 5 Cir. 5/25/10), 40 So.3d 1036, 1044, writ denied, 10-1323 (La. 1/7/11), 52 So.3d 884. After a knowing and voluntary waiver of the *Miranda* rights, law enforcement officers may continue questioning a suspect unless or until he clearly requests an attorney. State v. Austin, 12-629 (La. App. 5 Cir. 3/13/13), 113 So.3d 306, 318, writ denied, 13-673 (La. 10/25/13), 124 So.3d 1092. The trial court is afforded great discretion in ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. State v. Welch, 11-0274 (La. 4/29/11), 60 So.3d 603.

The State argues that defendant never invoked his right to counsel or his right to remain silent. The State notes that defendant expressed some trepidation in waiving his rights and complained that he wanted his children with him. The State contends, however, that questioning does not have to cease if a defendant requests the presence of someone other than an attorney with him or if he has trepidation about proceeding. The State also argues that "while the Defendant suggested that Detective Marshall incorrectly told him that in signing the second portion of the JPSO Advice of Rights Form the Defendant would not be 'giving up' his rights, this was actually a correct statement by Detective Marshall, especially given how Detective Marshall explained it." The State specified that the detective correctly explained that if defendant waived his rights and agreed to talk, he could change his mind and terminate the interview.

Defendant argues that he clearly and unambiguously invoked his right to remain silent multiple times throughout the interview. Specifically, he provides that he told the detective he would not answer any questions unless his children were present but that the detective continued asking questions. Defendant argues that the detective repeatedly misstated the nature of the waiver form by characterizing it as an acknowledgement, rather than as a waiver, of his rights to counsel and to remain silent. Defendant also asserts that the totality of the interview makes clear that Detective Marshall's conduct led defendant to believe that he lacked the power to terminate the interview and that defendant was misled about the signing of the

waiver.  Finally, defendant argues that Detective Marshall used his larger physical presence to pressure defendant into speaking to him.

Upon review of the writ application, attachments, the video, and the law, we find that defendant's statement should not have been suppressed.  First, prior to questioning defendant, Detective Carl Marshall clearly advised defendant of his rights and defendant signed a waiver of rights.  Detective Marshall testified, and the video confirms, that he reviewed the rights of arrestee and waiver of rights form with defendant and that he did not articulate or in any other way display any lack of comprehension of his rights to remain silent or to have an attorney present.  Second, it is clear that, contrary to defendant's contention, he never invoked his right to counsel by requesting an attorney.

Third, defendant had previously been arrested and thus had been exposed to his Miranda rights.  The Louisiana Supreme Court has indicated that prior criminal history with the criminal judicial system is relevant to the "totality of the circumstances," which courts may consider in determining whether a defendant understood his *Miranda* rights.  State v. Green, 94-887 (La. 5/22/95), 655 So.2d 272, 284.

Fourth, although defendant argues that Detective Marshall used his larger physical presence to pressure defendant into speaking to him, after viewing the video of the questioning, we disagree.  We do not find that Detective Marshall's questioning of defendant was intimidating or menacing towards defendant in any way.  He read defendant his rights in a clear and just manner, engaged in casual conversation with defendant, and advised him that even if he signed the waiver, he could change his mind and terminate the interview.  Emotional distress on the part of a defendant is not grounds for rendering a confession inadmissible unless it is so severe that the party confessing is unable to voluntarily do so.  State v. Moseley, 587 So.2d 46, 51 (La. Ct. App.), writ denied, 589 So.2d 1066 (La. 1991).  We find that the record does not support a finding that defendant's will was overborne or that his confession was not the product of a rational intellect and a free will.  See, State v. Castro, *supra*.

In light of the foregoing, the applicable law, the writ application, and the attachments thereto, we find that the motion to suppress should not have been granted.  We therefore grant this writ, reverse the trial court's judgment granting the motion to suppress, and deny that motion.  We remand for further proceedings.

Gretna, Louisiana, this 3rd day of March, 2022.

**SJW**
**FHW**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **03/03/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-K-670**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
Anna L. Friedberg (Respondent)          Thomas J. Butler (Relator)
                                         Zachary Orjuela (Respondent)
                                         Darren A. Allemand (Relator)

### MAILED