WEIMER, Justice.[1]
[ | This matter is before the court following reversal of a trial court’s denial of a motion to suppress cocaine seized during a search incident to defendant’s arrest. The issue to be resolved is two-fold: 1) whether the court of appeal employed the proper standard of review in considering defendant’s contentions that the trial court erred; 2) if not, whether the trial court abused its discretion in determining a police officer had probable cause to arrest the defendant for violation of a municipal ordinance which prohibits public intoxication to the degree that one may endanger himself or other persons or property. We find the court of appeal erred in examining the record de novo, without any deference to the trial court’s credibility calls and factual findings, and in concluding the State did not sufficiently establish that defendant was intoxicated to the point of endangering himself as he stumbled near passing traffic through a high crime area in the city of New Orleans during the middle of the night.
| ^Further, we find the State carried its burden of proving to the trial court that the arresting officer had probable cause to arrest defendant for violation of the municipal ordinance prohibiting public intoxication. Thus, we reverse the judgment of the court of appeal and reinstate the eon-viction and three-year sentence imposed by the trial court pursuant to defendant’s Crosby[2] plea.
FACTS AND PROCEDURAL BACKGROUND
About 2:25 a.m. on March 3, 2007, Officer Andrew Parker with the New Orleans Police Department was on patrol at the intersection of Canal and North Galvez Streets in the city of New Orleans when he observed a person (later identified as Thomas Wells, the defendant herein) proceeding eastbound on North Galvez. Defendant was staggering and appeared to be intoxicated as he proceeded along the sidewalk.
Officer Parker arrested defendant for public intoxication based on New Orleans Municipal Code § 54-405.[3] Having advised defendant of his Miranda rights, Officer Parker conducted a search incident to arrest. The search revealed two pieces of crack cocaine in a clear, plastic bag in defendant’s pants pocket. The defendant told the officer he had purchased the cocaine from someone at a gas station at the corner of Canal and Galvez Streets. He consented to being relocated to the gas station so he could attempt to identify the person who made the sale. However, defendant did not make an identification.
IsOn April 8, 2007, defendant was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967(C)(2). Defendant was arraigned and pled not guilty.
*580 Defendant filed a motion to suppress his statement, as well as the physical evidence.[4] At the hearing on the motion to suppress, Officer Parker testified that he arrested defendant because he “appeared very intoxicated.” Defendant was in a “very high-crime neighborhood.” According to the officer’s testimony, the area was plagued with “a lot of drug activity, ... shootings and homicides [and] robberies.” Officer Parker testified he wanted to remove him from the area for defendant’s own safety. Additionally, Officer Parker stated, “I didn’t want him to wander off into traffic and get hit by a car, ... to get robbed.” Under the circumstances, Officer Parker felt it was appropriate to place him under physical arrest because the defendant could endanger himself.
On cross examination, Officer Parker explained that defendant was staggering, not walking in a straight line. He further described the manner in which he was proceeding as “cross-stepping.” His speech was slightly slurred and rapid. Although Officer Parker did not detect an odor of alcohol, defendant’s overall demeanor (the staggering or cross-stepping, slurred speech) indicated defendant was intoxicated.
Based upon the officer’s testimony, the trial court denied the motion to suppress the evidence, specifically finding the officer acted “in good faith.”
Following denial of his motion to suppress evidence in the trial court, defendant entered a Crosby plea and was sentenced to serve three years at hard labor. He appealed.
pFinding the district court erred by denying the motion to suppress the evidence, the court of appeal vacated the trial court judgment. Defendant’s conviction and sentence were reversed. State v. Wells, 08-0211 (La.App. 4 Cir. 8/20/08), 991 So.2d 583.
The State applied for a writ of certiorari claiming the appellate court erred when issuing its ruling by applying a de novo standard of review. This court granted the State’s application. State v. Wells, 08-2262 (La.2/5/10), 27 So.3d 287.
DISCUSSION
This matter is before us for a determination of whether the court of appeal erred in reversing a trial court ruling which denied defendant’s motion to suppress physical evidence. The State argues the court of appeal improperly substituted its judgment for that of the trial court by conducting a de novo review of the underlying facts in this matter. The State urges the proper standard of review for a motion to suppress is review for abuse of discretion. We agree.
This court has recently restated the general rule that appellate courts review trial court rulings under a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a de novo standard of review. State v. Hunt, 09-1589, p. 6 (La.12/1/09), 25 So.3d 746, 751, citing State v. Hampton, 98-0331, p. 18 (La.4/23/99), 750 So.2d 867, 884. When a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings. Id. A “trial judge’s ruling [on a fact question], based on conclusions of credibility and *581 weight of the testimony, is entitled to great deference and will not be disturbed on |sappeal unless there is no evidence to support the ruling.” State v. Bourque, 622 So.2d 198, 222 (La.1993).
The State bears the burden of proving the admissibility of the evidence seized without a warrant when the legality of a search or seizure is placed at issue by a motion to suppress evidence. LSA-C.Cr.P. art. 703(D). A trial court’s decision relative to the suppression of evidence is afforded great weight and will not be set aside unless there is an abuse of that discretion. Hunt, 09-1589 at 7, 25 So.3d at 752.
The Court of Appeal, Fourth Circuit has recognized the well-established rule that a trial court’s findings on a motion to suppress the evidence are entitled to great weight, considering the district court’s opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572, p. 3 (La.App. 4 Cir. 9/22/99), 752 So.2d 192, 193-94. In the instant case, the trial court denied the motion to suppress, citing State v. Parker, 06-0053 (La.6/16/06), 931 So.2d 353, and State v. Hawkins, 05-0810 (La.App. 4 Cir. 1/11/06), 923 So.2d 763, writ denied, 06-0375 (La.9/15/06), 936 So.2d 1257, and stating:
I find that the officer was in good faith. He observed the gentleman that he said was staggering in what he perceived to be a high-crime area in the 100 block of North Galvez.
[[Image here]]
[R]egardless of ... personal experiences that the Court has had in this room with references to that general intersection and that general vicinity, it was the officer, based on his experience, who, under oath, classified it as a high-crime area. But even more importantly, even if it wasn’t ... it’s 2:25 in the morning. The gentleman, according to the testimony of the officer, was staggering. He said that his speech was slightly ... slurred.... [H]e said he did not smell alcohol on this gentleman, ... but that he did believe for [defendant’s] own safety that he should be ... taken into custody at that time. (R. p. 7 of final ruling.)
Nevertheless, despite the trial court’s specific finding that Officer Parker was in “good faith,” the court of appeal rejected the trial court’s evaluation of the police officer’s testimony and the reasoning recited in making his ruling. By reversing the | (itrial court’s decision in the instant case, the appellate court has substituted its decision for the trial court’s decision without any explanation regarding why it did not defer to the trial court’s credibility determination on the issue of defendant’s intoxication and the possible danger it posed.
On appeal, defendant argued the pertinent inquiry was not whether he was intoxicated, but whether the circumstances warranted an arrest because he was not a danger to himself or others. The court of appeal examined the two cases cited by the trial court and found defendant’s assignment of error had merit because the defendant’s level of intoxication did not appear to be at the level found in Parker or Hawkins.[5] The court of appeal found the *582 evidence presented did not “conclusively show” that defendant was incapacitated to such an extent that he might endanger himself, despite the fact that he was very intoxicated in a high crime area and staggering near traffic.
We disagree and conclude the court of appeal erred in two respects: first, in failing to employ the proper standard of review of the trial court’s ruling, which we have previously discussed; and second, in requiring the State to satisfy an improper burden of proof: conclusively showing the violation of the municipal ordinance.
Although “conclusive showing” is not defined, “conclusive” means “[s]hutting up a matter; shutting out all further evidence; not admitting of explanation or contradiction; putting an end to inquiry; final; irrefutable; decisive.” Black’s Law Dictionary, 362 (revised 4th ed.1968), citing Edwards v. Shreveport Creosoting Co., 207 La. 699, 706, 21 So.2d 878, 880 (1945). Thus, according to Black’s, supra, “conclusive evidence” is “incontrovertible, either because the law does not permit it to be contradicted, or because it is so strong and convincing as to overbear all proof to the contrary and establish the proposition in question beyond any reasonable doubt.” The fourth circuit has previously explained that proof of reasonable cause to arrest is not conclusive proof. In State v. Pham, 01-2199, p. 6 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 219-220, the court stated: “For an arrest, the law does not require that ‘reasonable cause to believe’ be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person’s guilt. The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt.... ” (Citations omitted.)
Having rejected the court of appeal’s holding in the instant matter, we now utilize the proper standard to review the trial court’s denial of the motion to suppress the evidence.
The State contends the trial court properly determined the officer had reasonable suspicion to conduct an investigatory stop which materialized into probable cause to arrest the defendant for public intoxication. Once the officer had probable cause to arrest, he had the authority to conduct a search incident to arrest.
In making a brief investigatory stop on less than probable cause to arrest, the police “must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.” State v. Katie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881, quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). This level of suspicion, however, need not rise to the probable cause required for a lawful arrest. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989). A reviewing court must take into | ^account the “totality of the circumstances — the whole picture,” giving deference to the inferences and deductions of a trained officer that might well elude an untrained person. Cortez, 449 U.S. at 418, 101 S.Ct. at 695. The court must also weigh the circumstances known to the police as understood by those versed in the field of law enforcement. Id.
Probable cause to arrest exists when the facts and circumstances within *583 an officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a person of average caution in the belief that the accused has committed an offense. State v. Wilson, 467 So.2d 503, 515 (La.1985); State v. Elliot, 407 So.2d 659, 661 (La.1981). Probable cause to arrest must be judged by probability and practical considerations of everyday life on which average persons, and particularly average police officers, can be expected to act. State v. Raheem, 464 So.2d 293, 296 (La.1985). Probable cause to arrest is not absolute cause, and to determine its existence, courts must examine facts and circumstances within the arresting officer’s knowledge in light of the experience of reasonable people, not legal technicians. State v. Billiot, 370 So.2d 539, 543 (La.1979). “While mere suspicion is insufficient to justify an arrest, a police officer need not have sufficient proof to convict in order to arrest. State v. Randolph, 337 So.2d 498, 499 (La.1976). We must be mindful that the instant matter reaches this court as a ruling on a motion to suppress, at which the State had the burden of establishing probable cause. Officer Parker was confronted with making a judgment call. Under the circumstances, Officer Parker had probable cause to arrest the defendant who was very intoxicated and presented a danger to himself and/or others.
In applying this ordinance, police officers encountering individuals who are manifestly intoxicated are faced with evaluating whether the individual might also [ 9endanger himself or other persons or property. Critical in this matter was the trial court’s specific finding of good faith on the part of the officer in that regard. The officer described the defendant as “staggering” or “cross-stepping” with speech “slightly slurred but rapid” and concluded he was “very intoxicated.” Although no odor of alcohol was detected, the ordinance does not limit intoxication to alcohol abuse, but includes narcotics or other drugs; there is no alcohol odor with drug intoxication.
The record reflects the trial court believed and specifically found that the officer acted in good faith in his evaluation of defendant’s level of intoxication which put him at risk for being injured by others because of his vulnerability in the high-crime area or by stumbling into the street which would put him, as well as motorists, at risk. Although the testimony indicates defendant was not grabbing or holding on to anything to steady himself as he staggered along the sidewalk, under the circumstances, the facts support a finding that defendant’s level of intoxication, when combined with the location, posed a danger to himself and/or others.
As the trial court pointed out during argument on the motion to suppress, intoxication is a condition that can be determined, even by those who are not trained as police officers. Expert testimony is not mandatory to establish intoxication. As stated in State v. Neal, 321 So.2d 497, 500 (La.1975), “A witness may ... state a natural inference from something he has observed.... Intoxication, with its attendant behavioral manifestations, including disorientation, is an observable condition about which a witness may testify.”
We defer to the trial court which had the opportunity to observe the officer while he was giving his sworn testimony.
I ^CONCLUSION
In sum, intoxication alone is not sufficient to establish a violation of the ordinance relied on by the State in this matter. The ordinance requires the individual to be “manifestly” intoxicated to the degree he may endanger himself or others or proper *584 ty. The word “manifest” means “obvious.” Webster’s Ninth New Collegiate Dictionary, 724 (1988); thus, manifestly means obviously. Each case will turn on its own particular facts and circumstances. The trial court must evaluate whether the officer acted in good faith and has articulated sufficient facts to establish probable cause to arrest. The trial court’s evaluation should not be overturned absent an abuse of the great discretion afforded the trial court’s ruling.
For the foregoing reasons, the court of appeal decision is vacated and the ruling of the trial court denying the motion to suppress is reinstated. Defendant’s conviction and sentence are reinstated.
REVERSED; CONVICTION AND SENTENCE REINSTATED.

. Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.

. State v. Crosby, 338 So.2d 584 (La.1976), allows a defendant to enter a guilty plea, but reserve his or her right to appeal the denial of a motion to suppress the evidence.

.Section 54-405 of the New Orleans Municipal Code provides: "It is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property.”

. The only issue before this court is the motion to suppress physical evidence. Defendant's motion to suppress confession/statement was granted. That ruling was not appealed and is final.

. In Parker, there was probable cause for the defendant’s arrest because the arresting officer observed that the defendant was incoherent, was unsteady on her feet, had bloodshot eyes, and voluntarily admitted to having smoked crack cocaine before she was placed under arrest.
Contrarily, in Hawkins, there was no probable cause for the defendant’s arrest. Although the record showed she was "heavily intoxicated," neither of the police officers *582 who observed her testified they felt she was a danger to herself; instead, one officer stated the arrest was made on the basis of her being a danger to others. The reviewing court noted there was nothing in the defendant's behavior to support a conclusion that she was a danger to others; she was merely intoxicated,