| defendant seeks relief from the trial court’s July 21, 2010 denial of his motion to suppress evidence seized in conjunction with a 2009 pretextual traffic stop.[1] He was a passenger in an Impala traveling west on |2Kings Highway[2] in Shreveport, in the immediate vicinity of where that road crosses under 1-49.
Finding that the trial court abused its discretion, we reverse the ruling that denied the motion to suppress.
I. Violation Number One [La. R.S. 32:104(D) ][3]
The initial stop of the Impala was based upon an alleged lane change made without signaling. The Shreveport Police Department video[4] reflects that at no pertinent time did the vehicle in question move from the right lane. No lane change, legal or illegal, is made by the Impala. There was nothing for which the driver was required to signal.
We have considered this chronology, harvested from the time-clocked video:
• At 14:54:50, the Impala is first seen on the video, at a full stop, in the right (outside) lane at a traffic signal underneath 1-49;
• At 14:54:54, while the Impala is traveling west in the right lane, a narcotics officer instructs the traffic officer: “Get you[5] a violation and then just go ahead and stop him. Make it like a regular traffic stop.”[6]
• At 14:55:00, the narcotics officer transmits: “If they run or anything untoward happens, we’re gonna be with y’all.”
• At 14:55:05, the narcotics officer says: “I.D. everyone, and see if they have any dope.”
*859 • At 14:55:15, the narcotics officer says: “We got a violation on a left-turn signal.” [7]
| At 14:55:18, the male traffic officer asks: “OK, oh, are they in the turning lane now?” The undercover officer responds in the negative.
• At 14:55:31, 13 seconds later, the male traffic officer asks: “Where’d they turn from?”
• At 14:55:34, the officers activate flashing lights and the subject vehicle immediately pulls from the right lane[8] into a service station.
• At 14:55:47, the female traffic officer tellingly asks this question: “When he switched to get in the lane, he did not use a turn signal?”
At the hearing on the motion to suppress, the male traffic officer incorrectly testified that he observed the initial violation with his own eyes. He could not have done so. No unlawful driving by the operator of the Impala is anywhere visible on this video.
The trial court assigned great credibility to the testimony of the law enforcement officer. Nonetheless, all the credibility in the world cannot change the fact that the video demonstrates quite clearly that the operator of this vehicle committed no traffic infraction.
II. Violation Number Two [La. R.S. 32:104(B) ]
When the traffic officers used lights and sirens to make the stop, the driver immediately complied by turning off the roadway into a service station. Amazingly, the driver was cited for not using a turn signal for at least 100 feet prior to exiting the street. This raises the question as to whether the driver would have been charged with flight from an officer, had he delayed his turn-off, until traveling the full 100 feet. On an equitable basis alone, this infraction does not pass the “sniff’ test.
III. Violation Number Three [La. R.S. 32:300]
Collins was arrested for an open container violation (La. R.S. 32:300), and the passenger compartment searched incident to arrest, both of which actions are problematic, in that:
|4(1) This statute itself expressly forbids arrest[9] for its violation, and
(2) Even granting great deference to the trial court,[10] we cannot see that probable cause existed[11] for a violation of the open container statute.[12]
IV. Reasoning
Everything in this case develops from the initial stop, which was illegal. *860 This unlawfulness dooms the later searches, which were not attenuated sufficiently from this illegality. In fact, however, the second traffic ticket and the open container violation are independently flawed.
Accordingly, we find:
• The video clearly reflects that absolutely no reasonable suspicion of criminal activity existed[13] by which to justify making this traffic stop for changing lanes without signaling;
• The video also reflects that the driver immediately pulled over in response to the lights and siren of the police, a commendable action certainly undeserving of a ticket; and
• The two beer cans[14] in question, one bone-dry and one unopened, do not provide probable cause for an open container violation.
|fiThe bottom line is that we need not go any further than to observe that, on this sparse record, all these related seizures must be suppressed as fruit of a poisonous tree.[15]
V. Conclusion
We grant the writ, reverse the ruling of the trial court, and order suppressed all evidence seized in conjunction with this unlawful traffic stop.

. If a traffic violation is actually observed by a law officer, a pretextual stop is lawful. See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

. There are two westbound lanes at this point, plus an inside left-turn lane.

. Neither the video nor the testimony at the motion to suppress hearing provides any evidence of violations of La. R.S. 32:75 (Limitations on passing on the left) or La. R.S. 32:79 (Driving on roadway laned for traffic), contrary to the state’s brief.

. The video is clear as a bell; the audio can be somewhat difficult to follow.

. A reasonable conclusion here would be that the narcotics officer is saying that the pretex-tual traffic infraction has not yet occurred.

. This admonition is lawful.

. Note emphasis. At this point, the vehicle was still in the right lane. The video never reflects the Impala leaving this lane, until pulling off the roadway to the right in response to the flashing lights activated by the traffic officers.

. During the entirety of the 40 seconds prior to pulling off Kings Highway, the Impala was in the right lane.

. We are aware that statutorily prohibited arrests (those arrests made pursuant to probable cause, but for offenses mandating citations in lieu of arrest) neither implicate a constitutional violation, nor require suppression of evidence seized incident to the arrest. Virginia v. Moore, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008).

. We are also aware of the requirements of State v. Wells, 2008-2262 (La.7/6/10), 45 So.3d 577.

. The testimony was that there was one opened beer can (dry) and one full, but unopened, beer can. This does not amount to probable cause for an open container violation.

. It was possible, but nothing more than that.

. We are distressed to reach this conclusion, in light of the positive testimony at the hearing on this motion to suppress, that a traffic violation had been observed by the traffic officer. The videotape clearly refutes such a claim.

. It may have been helpful to the fact-finder, though certainly not a dispositive issue, to have known whether either beer can was cold.

.See Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920), and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).