| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2020-K-0581** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JASON SKIPPER** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
MUNICIPAL COURT, ORLEANS PARISH
NO. 1238733, SECTION "D"
Honorable Mark Shea, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge
Sandra Cabrina Jenkins)

*LOBRANO, J., CONCURS IN THE RESULT*

Jason Rogers Williams, District Attorney
David LeBlanc, Assistant District Attorney
Orleans Parish District Attorney
619 S. White Street
New Orleans, Louisiana 70119

      COUNSEL FOR RELATOR/STATE OF LOUISIANA


Abbee B. Cox
Sarah Mae Jennings
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, Louisiana 70119

      COUNSEL FOR RESPONDENT/DEFENDANT


      **WRIT GRANTED; RELIEF DENIED**


**FEBRUARY 10, 2021**

The State seeks review of the Orleans Parish Criminal District Court Appellate Division's September 22, 2020 judgment reversing the municipal court's denial of the defendant's motion to suppress. Upon review, we find no error in the Appellate Division's ruling. Accordingly, we deny the requested relief.

## PROCEDURAL BACKGROUND

The defendant, Jason Skipper, was charged with possession of marijuana, a violation of La. R.S. 40:966, and illegal carrying of a concealed weapon, a violation of La. R.S. 14:95. On September 16, 2019, the municipal court held a hearing on the defendant's motion to suppress the evidence. At the conclusion of the hearing, the municipal court denied the defendant's motion to suppress. The defendant noticed his intent to seek a writ with the Criminal District Court Appellate Division.

On January 13, 2020, the Appellate Division ordered the State to file a response to the defendant's writ within thirty days. The State did not receive a copy of the Appellate Division's order and failed to file an opposition brief. On

February 20, 2020, the Appellate Division granted the defendant's writ, reversed

the municipal court's ruling, and ordered the evidence be suppressed. The State

objected to the Appellate Division's ruling and noted its intent to seek review with

this Court.

On April 22, 2020, this Court granted the State's writ, remanding the matter

to the Appellate Division to allow the State file a brief, for a rehearing on the

matter, and for the Appellate Division to issue written reasons for its decision.

*State v. Skipper*, unpub., 20-0189 (La. App. 4 Cir. 4/22/20). The defendant then

sought writs in the Louisiana Supreme Court, which denied the writ.[1] *State v.*

*Skipper*, 20-0508 (La. 6/22/20), 297 So.3d 725.

On remand to the Appellate Division, the State filed its opposition to the

defendant's writ and the matter was submitted for rehearing. On September 22,

2020, the Appellate Division issued written reasons for judgment granting the

defendant's writ, reversing the municipal court's ruling, and suppressing the

firearm as evidence. The State noticed its intent to seek supervisory review in this

Court.

## STATEMENT OF FACTS

The facts as stated in the Appellate Division ruling are as follows:

> On November 22, 2018, Senior Officer Samuel Senter was
> working an assignment with the Narcotics Unit of the Eighth District
> in a plain clothes capacity when he observed Jason Skipper in the 300
> block of Bourbon Street. Officer Senter saw Skipper holding a small

---

[1] Chief Justice Johnson and Justices Crichton and Genovese voted to grant the defendant's writ
and reinstate the ruling of the Appellate Division. The Justices noted that the New Orleans
Municipal Code §54-28(1) prohibits individuals from being arrested under the facts and
circumstances of this case and, therefore, any search of the defendant was illegal.

clear plastic bag containing marijuana in his hands and decided to stop Skipper. Officer Collins, who was working with Senter, took the bag from Skipper, examined the contents and satisfied himself that it was marijuana. Senter testified that the officers then advised Skipper that he was under arrest for possession of marijuana. At that juncture, the officers searched Skipper's backpack in a search incident to arrest. In the backpack, they found a semi-automatic handgun. He was also charged with a violation of La. R.S. 14:95.

On cross-examination, Officer Senter conceded that he was aware of the NOPD policy concerning arrest versus issuance of a summons in situations such as the instant one. He admitted that he was mandated to release persons 'on a non-traffic summons" as per the New Orleans Municipal Code. More specifically, he agreed that an "officer shall issue a summons instead of effectuating a custodial arrest" in such a situation unless other circumstances were present. After acknowledging that none of the required circumstances was present in the stop of Mr. Skipper, he explained that he arrested Skipper because the firearm was located.

In denying the motion to suppress, the trial judge gave no explanation for his decision. During the questioning on whether the Municipal Code allowed officers any discretion in situations where a summons may be issued in lieu of a custodial arrest, the trial court observed that "[M]aybe that's a judgment call the cops should have."

## DISCUSSION

The issue before this Court is whether the Appellate Division erred in reversing the municipal court's ruling denying the defendant's motion to suppress. In reviewing a trial court ruling on a motion to suppress, the appellate courts apply "a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a *de novo* standard of review." *State v. Wells*, 08-2262, p. 4 (La. App. 4 Cir. 7/6/10), 45 So.3d 577, 580.

The Appellate Division found Officer Senter was without authority to effectuate a custodial arrest of the defendant for possession of marijuana, pursuant to Mun. Code § 54-28(1), and, therefore, was without authority to search the

3

defendant's backpack.  Mun. Code §54-28(1)—Summons by officer instead of arrest and booking—provides as follows:

> (1)    An officer shall issue a written summons and may not make a custodial arrest when citing a person solely for a violation of this chapter, except when one of the following circumstances exists:
> a.    The person does not possess identification issued by any municipal, state, territorial, federal, or other governmental authority within the United States; or
> b.    The person makes a statement that indicates an intent to disregard the summons or refuses to sign the summons; or
> c.    The person acts in a violent or destructive manner or makes a statement indicating that he or she intends to inflict injury to self or another or damage to property; or
> d.    The person is a habitual offender, defined as any individual with a criminal history of two or more felony convictions or five or more felony or municipal arrests for any offense; or
> e.    Based on the circumstances, an officer determines that it is absolutely necessary to make an arrest.

Mun. Code § 54-28(1) governs police action relating to the possession of marijuana mandating that a summons be issued by the officer rather than making a custodial arrest and booking. The section provides an exclusive list of exceptions under which "the officer may use his or her discretion to issue a summons instead of making a custodial arrest." Mun. Code § 54-28(2).

As found by the Appellate Division, Officer Senter conceded in his testimony that none of the exceptions of Mun. Code § 54-28(1) applied in this case.  The Appellate Division then concluded as follows:

> [Officer Senter's] decision to arrest rather than issue a summons to Skipper for possession of marijuana was explicitly forbidden by this codal provision. It therefore follows that any search incident to arrest was illegal and the fruits of that search must be suppressed. This reasoning obviously does not apply to the marijuana seized from Skipper in plain view and the trial court's ruling vis-à-vis that contraband is left undisturbed. Finally, it should be noted that a review of the record reveals that at no point did the State of Louisiana provide any justification for the search of Skipper's backpack.

4

Upon review of this case, we agree that Mun. Code § 54-28(1) specifically applies and governs the conduct of Officer Senter in this situation. Thus, we find that the Appellate Division did not err in reversing the municipal court's ruling and granting the defendant's motion to suppress the firearm.

## CONCLUSION

For the foregoing reasons, we grant the State's writ but deny the requested relief.

**WRIT GRANTED; RELIEF DENIED**