STATE OF LOUISIANA      *      NO. 2022-K-0542

VERSUS      *

     COURT OF APPEAL

ORLANDO BROWN      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 552786, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)


**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Rachel Lindner
ORLEANS PUBLIC DEFENDERS' OFFICE
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

       COUNSEL FOR RELATOR

Jason Williams
District Attorney
Brad Scott
Chief of Appeals
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

       COUNSEL FOR RESPONDENT


       **WRIT GRANTED; JUDGMENT REVERSED**
       **SEPTEMBER 7, 2022**

*TG*
*C*
*SCJ*

Relator, Orlando Brown, seeks review of the district court's May 31, 2022, ruling denying his motion to suppress. After consideration of the record before this Court, and the applicable law, we grant the writ and reverse the ruling of the district court denying Mr. Brown's motion to suppress.

### Relevant Facts and Procedural History

On September 11, 2021, Relator was arrested pursuant to a warrant for battery on a dating partner and second-degree rape. On the same date, Relator was questioned at the police station regarding the incident for which he was arrested. The arrest and questioning were recorded by the police officers' body-worn camera.

On November 9, 2021, Relator was charged with battery on a dating partner by strangulation in violation of La. R.S. 14:34.9(L) and second-degree rape in violation of La. R.S. 14.42.1.[1] On December 7, 2021, Relator pled not guilty and

---

[1] La. R.S. 14:34.9(A) defines battery on a dating partner as "the intentional use of force or violence committed by one dating partner upon the person of another dating partner."

1

filed various motions.[2] On May 2, 2022, Relator filed a second motion to suppress statements arguing that statements he gave after his arrest on September 11, 2021, were given without the police officers first providing rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); the statements were secured in violation of his right to counsel; and his statements were involuntary. On May 31, 2022, the district court heard Relator's motion to suppress and conducted a probable cause hearing. The police officer who investigated Relator's case was subpoenaed but failed to appear. The parties requested a continuance which was denied by the district court. In lieu of police officer testimony, the State submitted a copy of the arrest warrant, a copy of the police report, a copy of the *Miranda* waiver form and a copy of the body-worn camera footage of the arrest and questioning. At the conclusion of the hearing, the district court found probable cause for both charges and denied Relator's motion to suppress. This application for supervisory review followed.

## **Discussion**

The sole issue before this Court is whether the district court erred in denying Relator's motion to suppress statements given on September 11, 2021.

---

La. R.S. 14:34.9(L) provides:
> Notwithstanding any provision of law to the contrary, if the offense involves strangulation, the offender, in addition to any other penalties imposed pursuant to this Section, shall be imprisoned at hard labor for not more than three years.

La. R.S. 14:42.1(A) defines second degree rape as "rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances [stated in the codal article]."

[2] Relator filed motions to preserve evidence, suppress evidence, suppress statement and suppress identification.

Appellate courts review a district court's ruling under a deferential standard with regard to factual determinations, while legal findings are subject to a *de novo* standard of review. *State v. Hunt*, 2009-1589 (La. 12/1/09), 25 So.3d 746; *State v. Hampton*, 1998-0331 (La. 4/23/99), 750 So.2d 867. Additionally, a district court's decision relative to the suppression of evidence is afforded great weight and will not be set aside unless there is an abuse of discretion. *State v. Wells*, 2008-2262 (La. 7/6/10), 45 So.3d 577.

Relator asserts that in denying his motion to suppress statements, the district court erred in relying on a copy of the arrest warrant, a copy of the police report, a copy of the *Miranda* rights form and the body-worn camera footage of Relator's arrest. He maintains that statements he gave after his arrest were given without officers fully advising Relator of his *Miranda* rights; he did not knowingly and freely waive his *Miranda* rights; and the evidence submitted by the State lacked authentication. It is well-settled that the State has the burden of proving that a Relator's statements are admissible. La. C.Cr.P. art. 703(D). "Before what [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises." *State v. Barabin*, 2013-0334, pp. 4-5 (La.App. 4 Cir. 9/11/13), 124 So.3d 1121, 1124. Further, "[i]in order for a statement made by a suspect in custody to be admissible at trial, police officers must advise the suspect of his Fifth Amendment rights prior to interrogating him." *Id*. (emphasis removed).

The State has failed to demonstrate that Relator was properly *Mirandized* prior to questioning by the police officers. The *Miranda* form provides "[t]hese [*Miranda*] rights should be recited to the person being advised as written." The investigating officer did not testify regarding the manner in which Relator was given his *Miranda* rights thus, the State failed to prove that the proper procedure was implemented. Further, the *Miranda* form submitted by the State does not reflect that Relator signed the form without coercion and lacks any acknowledgment by Relator that he understood his rights. Additionally, the record reveals that during the hearing the State incorrectly advises the district court that the body-worn camera footage depicts Relator being advised of his *Miranda* rights. In denying the motion to suppress, the district court mistakenly relies on this assertion. The body-worn camera footage reveals, and the State concedes, that the police officers did not read Relator his *Miranda* rights prior to questioning.

Based on the record before this Court, the State has failed to demonstrate that Relator received his rights in accordance with *Miranda* and the district court erred in denying Relator's motion to suppress. Accordingly, we grant the writ and reverse the district court's ruling denying Relator's motion to suppress.

**WRIT GRANTED, JUDGMENT REVERSED**