| STATE OF LOUISIANA | * | NO. 2022-K-0839 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DARNELL STURGENT | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 22-02161/2, DIVISION "C"
Honorable Kim C. Jones, Judge Presiding
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

JENKINS, J., DISSENTS WITH REASONS

Perry Michael Nicosia
DISTRICT ATTORNEY
Ashton Licciardi
ASSISTANT DISTRICT ATTORNEY
ST. BERNARD DISTRICT ATTORNEY'S OFFICE
1101 West St. Bernard Highway
Chalmette, Louisiana 70043

      COUNSEL FOR RELATOR/STATE OF LOUISIANA

Keith Couture
ST. BERNARD PARISH INDIGENT DEFENDER'S BOARD
2118 Jackson Blvd., Suite B
Chalmette, Louisiana 70043

COUNSEL FOR RESPONDENT/DEFENDANT

      **WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED**
**February 27, 2023**

*RML*

*JCL*

The State of Louisiana seeks review of the district court's November 14, 2022 ruling, granting the defendant's motion to suppress evidence. For the reasons that follow, we grant the State's writ, reverse the district court's ruling, and remand for further proceedings.

The governing standard of review that applies here is as follows:

> An appellate court reviews a trial court's ruling on a motion to suppress under the abuse of discretion standard. *State v. Wells*, 08-2262, p. 5 (La. 7/6/10), 45 So.3d 577, 581. Although it is well-settled that an appellate court should review a trial court's ruling under a deferential standard with regard to factual determinations, its legal findings are subject to *de novo* standard of review. *State v. Caliste*, 12-1548, p. 5 (La. App. 4 Cir. 6/14/13), 131 So.3d 902, 905-06 (citing *State v. Hunt*, 09-1589, p. 6 (La. 12/1/09), 25 So.3d 746, 751).

*State v. Johnson*, 21-0239, pp. 4-5 (La. App. 4 Cir. 12/29/21), 334 So.3d 805, 809, *writ denied*, 22-00039 (La. 2/22/22), 333 So.3d 448.

The dispositive issue here, as the district court observed, is a narrow one: "did the law enforcement officer have legal justification for the stop?" Answering that question in the negative, the district court characterized the stop as a random "wellness-check" or spot-check. Based on that characterization, the district court

1

concluded that there was no constitutional justification or predicate offense for the stop. We disagree.

At the hearing on the motion to suppress, the officer testified that he decided to stop the vehicle in which the defendant was a passenger because it was traveling at a very slow rate of speed in violation of La. R.S. 32:64(B).[1] The officer's testimony establishes that the stop was for a traffic violation and, thus, was legally justified. Following the stop, the officer smelled the odor of marijuana, permitting him to detain and question the defendant, who admitted that marijuana was in the car. The defendant's admission justified the officer's search of the vehicle. During this search, marijuana, pills, and a firearm were found. Because the evidence was found during a valid search of the vehicle, the district court erred in granting the defendant's motion to suppress the evidence.

Accordingly, we grant the State's writ application, reverse the district court's ruling sustaining the defendant's motion to suppress, and remand for further proceedings.

**WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED**

---

[1] La. R.S. 32:64(B) provides that "[e]xcept when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic."

2