| | | |
|---|---|---|
| STATE OF LOUISIANA | * | NO. 2024-K-0169 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| JALEEL GREEN | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-683, SECTION "DIVISION G"
Judge Nandi Campbell,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Rachael D. Johnson)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Jason R. Williams
District Attorney
Brad Scott
Assistant District Attorney, Chief of Appeals
Patrick Doell
Assistant District Attorney, Trial Counsel
Patricia Amos
Assistant District Attorney
Orleans Parish
619 South White Street
New Orleans, Louisiana 70119

     COUNSEL FOR RELATOR, STATE OF LOUISIANA

Mary Ella W. Simmons
Orleans Public Defenders
2601 Tulane Avenue, Seventh Floor
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/RESPONDENT, JALEEL GREEN

     **WRIT GRANTED; RELIEF DENIED**

     **APRIL 16, 2024**

Relator, the State of Louisiana seeks review of the trial court's February 23, 2024 ruling, which granted defendant's, Jaleel Green, Motion to Suppress Statements and Evidence seized. Upon review, we find the trial court did not abuse its discretion by suppressing the evidence seized from Mr. Green and finding no probable cause. The State failed to demonstrate the evidence should be admitted through an exception to the exclusionary rule. Accordingly, the State's application for supervisory review is granted, but relief is denied.

## *FACTUAL BACKGROUND*

The following facts are undisputed:

- NOPD received a call with a description of someone allegedly selling narcotics and possibly armed.

- NOPD arrived on scene and witnessed Mr. Green, allegedly matching the description.

- NOPD informed Mr. Green that he matched the description given of someone allegedly selling narcotics.

- After informing Mr. Green of this, an NOPD officer asked if he was armed and if he had a concealed carry permit.

- Mr. Green replied that he was armed and did not have a concealed carry permit with him.

- Mr. Green was placed under arrest and searched. Once Mirandized, he invoked his right to remain silent.

## *TRIAL COURT*

Mr. Green filed a Motion to Suppress his statements, as well as the evidence seized, which the trial court granted. The trial court found:

> First, Mr. Green was detained when officers stopped him outside of the apartment building, informed him that he matched the description of a person reported to be selling drugs, and asked him incriminating questions about whether he was armed. Therefore, a reasonable person "would have understood the situation to constitute a restraint of freedom of movement of the degree associated with formal arrest." Because these custodial questions occurred before Mr. Green was Mirandized, the statements are inadmissible. Furthermore, the evidence is inadmissible as fruit of the poisonous tree.
> Second, without the statements and evidence unconstitutionally obtained from Mr. Green, this court makes a finding of no probable cause. (internal citations omitted).

## *SUPPRESSION OF EVIDENCE*

The State seeks to have the trial court's ruling partially reversed. Specifically, the State contends the trial court erred by suppressing the evidence seized and finding no probable cause. The State does not seek review of the trial court's suppression of Mr. Green's statements, as "the State believes the trial court reached the correct result and sees no reason to seek review of that portion of the ruling."

2

A trial court's ruling on the suppression of evidence is highly discretionary. *State v. Wells*, 08-2262, p. 5 (La. 7/6/10), 45 So. 3d 577, 581. The ruling "is afforded great weight and will not be set aside unless there is an abuse of that discretion." *Id*.

Upon review, we find no merit to the State's contention that even though the statements were correctly suppressed, the evidence was legally seized. The trial court held that once NOPD officers stopped Mr. Green and informed him that he matched the description of a subject suspected of dealing drugs and being armed, Mr. Green should have been Mirandized. The State seems to concede this point, as it did not seek review of the suppression of Mr. Green's statements. Everything occurring after this moment was tainted.

The State asserts that the evidence should not be suppressed because the NOPD was entitled to conduct a La. C.Cr.P. art. 215.1, "*Terry* stop" on Mr. Green, which would have revealed the firearm. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, the mere concealment of a firearm, in and of itself, is not an offense subject to an arrest. Thus, we find the State failed to meet their burden of demonstrating that the evidence would have been discovered inevitably or by an independent source. *See State v. Davis*, 23-0210, pp. 16-17 (La. App. 4 Cir. 5/31/23), 368 So. 3d 679, 692. Therefore, the trial court did not abuse its discretion by suppressing the evidence seized and finding no probable cause.

## DECREE

For the above-mentioned reasons, the application for supervisory review filed by the State is granted, but relief is denied.

**WRIT GRANTED; RELIEF DENIED**

3