| STATE OF LOUISIANA | * | NO. 2024-K-0352 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| DENNIS GOODMAN | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-447, SECTION "SECTION L"
Judge Angel Harris,
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Jason R. Williams
DISTRICT ATTORNEY, PARISH OF ORLEANS
Brad Scott
ASSISTANT DISTRICT ATTORNEY
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR/THE STATE OF LOUISIANA

Mary Ella W. Simmons
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR RESPONDENT/DENNIS GOODMAN

           **WRIT GRANTED; JUDGMENT
           REVERSED; REMANDED
           July 22, 2024**

This is a criminal case. Relator—the State of Louisiana—seeks review of the district court's May 15, 2024 judgment, granting the motion to suppress filed by Defendant—Dennis Goodman. For the reasons that follow, we grant the State's writ, reverse the district court's judgment granting the motion to suppress, and remand.

**Factual and Procedural Background**

This case involves a charge of domestic abuse aggravated assault. At the hearing on the motion to suppress, Officer Jonathan Myaulaa testified that on May 2, 2023, he was dispatched to a "call for service for victim's aid." The victim, Arion Williams, was interviewed at the Seventh District Police Station. She stated that just before her arrival at the station, she was at a graduation party. Mr. Goodman, who is the father of her children, "showed up and was upset that he didn't get an invite to the party." Mr. Goodman "went to his car when [the victim] was leaving and retrieved a hand gun and pointed it at the car which she was in." The victim said she feared for her life.

Continuing, Officer Myaulaa testified that while officers were interviewing the victim, Mr. Goodman drove by the station and "stuck his middle finger out of

the window." Activating lights and sirens, Officer Myaulaa followed Mr. Goodman in his unit. Mr. Goodman stopped his vehicle—a Jeep—in an open lane of traffic. He was then handcuffed, placed under arrest, and searched incident to the arrest. Officer Myaulaa testified that "in plain view, standing outside the car, in plain view you could see a firearm under the front driver's seat of the vehicle." Mr. Goodman's vehicle was then moved to the parking lot of the Seventh District Station; and the handgun, which matched the description earlier provided by the victim, was seized.

On cross-examination, Officer Myaulaa testified that after he activated his unit's lights and sirens, Mr. Goodman pulled his vehicle over, exited the car, and shut the door. Another officer opened the door, and while Officer Myaulaa stood outside of the vehicle, he saw the gun through the windshield.

The bodycam video footage reflects that Mr. Goodman stopped his vehicle in front of the Fourth Fire District Headquarters in an open lane of traffic, blocking the fire station's driveway. Because of the vehicle's location, the officers agreed to move the vehicle, but not to search it.

At the hearing on the motion, the district court granted the motion observing as follows:

> So I did have an opportunity to review the video, which was what I wanted to do because there was a question of whether or not the door was closed or open because the portion of the video that was shown during the motions hearings, the video was open. And then I think defense made the argument it was closed and I was like, I don't remember seeing that but I did go back, look.

> Initially, the door was in fact closed and so an officer opened that door in order for them to see the firearm. And so the opening of the door does constitute a search. And at that point that would have been an improper search of Mr. Goodman's vehicle and so -- and it also goes against the gun being in plain view. That changes the circumstances.

2

And so with that being said, I am going to suppress the firearm in this matter.

This writ followed.

### *Discussion*

When reviewing a district court's judgment on a motion to suppress, an appellate court reviews factual determinations for abuse of great discretion and legal determinations *de novo*. *See State v. Candebat*, 13-0780, pp. 6-7 (La. App. 4 Cir. 1/30/14), 133 So.3d 304, 306 (citing *State v. Wells*, 08-2262 (La. 7/6/10), 45 So.3d 577). In its writ, the State contends that the district court abused its discretion in granting the motion to suppress the gun seized from the vehicle. Citing *State v. Johnson*, 21-0239 (La. App. 4 Cir. 12/29/21), 334 So.3d 805, the State asserts that the seizure of the gun was legal because there was probable cause to believe the vehicle contained evidence of the crime for which Mr. Goodman was stopped.

Mr. Goodman counters that the district court correctly found that the search and seizure of the gun was illegal. He contends that the gun was not in plain view when the officers discovered it and that no exigent circumstances warranted the officers' opening the vehicle's door. He further contends that the vehicle was not blocking traffic in any meaningful way, such that officers' immediate entry into the vehicle was not justified as an inventory search.

A search and seizure conducted without a warrant is per se unreasonable unless the warrantless search or seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. *State v. Thompson*, 02-0333, p. 6 (La. 4/9/03), 842 So.2d 330, 335 (citations omitted). A well-settled exception to the warrant requirement is the automobile exception. In the *Johnson* case, this

Court, citing *Arizona v. Gant*, 556 U.S. 332, 347, 129 S. Ct. 1710, 1721, 173 L. Ed. 2d 485 (2009), discussed the automobile exception to the warrant requirement as follows:

> The *Gant* Court recognized the continuing viability of the "automobile exception" to the warrant requirement, noting that "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820-821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), authorizes a search of any area of the vehicle in which the evidence might be found . . ."

*Johnson*, 21-0239, p. 14, 334 So.3d at 814.

Here, the victim, Ms. Williams, reported to the officers that shortly before her arrival at the Seventh District Station, Mr. Goodman had retrieved a gun from his vehicle and pointed it at her. After the car containing Ms. Williams and her children drove off, Mr. Goodman entered his vehicle with the gun and "chased them through the neighborhood." Once Mr. Goodman was stopped by the police, he admitted that the gun was in his vehicle. These facts establish that the officers had probable cause to believe that there was a gun related to the domestic abuse aggravated assault being investigated when Officer Myaulaa entered the vehicle and seized the gun.

Moreover, contrary to Mr. Goodman's contention, the bodycam footage reflects that, based on the vehicle impeding the ability of firetrucks to exit the Fourth Fire District Headquarters. For this reason, the officers determined that they needed to move the vehicle out of the way of the fire station. Opening the driver's door of the vehicle was necessary to accomplish that goal and to impound the vehicle. After the vehicle was taken to the parking lot of the district station, it was validly searched. *See State v. Jewell*, 338 So. 2d 633, 637 (La. 1976) (citing *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), and

4

observing that the United States Supreme Court has "consistently sustained" searches of "automobiles impounded or otherwise in lawful police custody").

Because there was probable cause to believe Mr. Goodman's vehicle contained a gun used in the criminal activity being investigated, the officers were authorized—under the automobile exception to the warrant requirement—to search any area of the vehicle in which the gun might have been found. For these reasons, the gun was legally seized. The trial court abused its discretion in granting the motion to suppress.[1]

*Conclusion*

Accordingly, we grant the State's writ, reverse the district court's judgment granting the motion to suppress, and remand.

**WRIT GRANTED; JUDGMENT REVERSED; REMANDED**

---

[1] Even if the search and ultimate recovery of the gun did not fall squarely within the automobile exception to the warrant requirement, the gun would have been inevitably discovered when the vehicle was impounded, which the officers stated was their intent. In *Nix v. Williams*, 467 U.S. 431, 446-47, 104 S.Ct. 2501, 2510-11, 81 L.Ed.2d 377 (1984), the Supreme Court held that the exclusionary rule does not apply when the State proves that the unconstitutionally obtained evidence would inevitably have been found in a constitutional manner. Under the inevitable discovery doctrine, "[b]ecause the tainted evidence would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered." *State v. Lee*, 2005-2098, pp. 22-23 (La. 1/16/08), 976 So.2d 109, 127 (citing *Murray v. United States*, 487 U.S. 533, 539, 108 S.Ct. 2529, 2534, 101 L.Ed.2d 472 (1988)).