STATE OF LOUISIANA       *       NO. 2025-K-0829

VERSUS       *

      COURT OF APPEAL

YVENERT DOLCE       *

      FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *


ON SUPERVISORY WRIT FROM THE
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 563-802, SECTION "J"
Honorable Franz Zibilich, Judge, AD HOC
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Karen
K. Herman)


**LEDET, J., DISSENTS**

Liz Murrill
Attorney General
Stephanie May Bruno
Irena Zajickova
J. Taylor Gray
Assistant Attorney General
P.O. Box 94005
Baton Rouge, Louisiana 70804

      COUNSEL FOR RELATOR / THE STATE OF LOUISIANA

Kevin Boshea
2955 Ridgelake Drive, Suite 207
Metairie, Louisiana 70002

      COUNSEL FOR RESPONDENT / YVENERT DOLCE


              **WRIT GRANTED; JUDGMENT REVERSED**
                           **JANUARY 20, 2026**

Relator, the State of Louisiana ("the State"), seeks supervisory review of the trial court's October 21, 2025 ruling, which granted the motion to suppress statement filed by Respondent-Defendant, Yvenert Dolce ("Defendant"). For the following reasons, we grant the State's writ application and reverse the trial court's ruling on the motion to suppress statement.

**FACTUAL AND PROCEDURAL HISTORY**

On October 15, 2024, the State filed a bill of information charging Defendant with: possession of a firearm by a convicted felon; possession of a controlled dangerous substance; operating a vehicle with a suspended license; and lack of proper equipment required on vehicles.

Defendant was arraigned on December 12, 2024, and entered a plea of not guilty. On April 10, 2025, Defendant filed several pre-trial motions, which included a motion to suppress statement and motion to suppress evidence.[1]

---

[1] The record shows that Defendant filed omnibus motions and an order for pre-trial motions, which included a motion to suppress the confession, a motion to suppress evidence, and a motion to suppress evidence of identification. With regard ruling on suppression motions, however, both the minute entry and the trial court refer to the rulings on the motion to suppress statement and motion to suppress evidence.

1

The State filed an opposition to the motions to suppress on May 7, 2025.[2] A hearing on the motions was held on September 30, 2025. Following the hearing, the trial court ordered additional briefing. The State submitted its brief on October 14, 2025.

On October 21, 2025, the trial court denied the motion to suppress evidence but granted the motion to suppress statement.[3] The State's writ application followed.

*Testimony on the Motions to Suppress*

At the hearing on the motions to suppress, Trooper C.J. Seruntine ("Tpr. Seruntine") of the Louisiana State Police testified that he was on patrol in the Seventh District when he observed a vehicle with a "fictitious" temporary tag. Upon confirming that the tag had not been issued to the vehicle, the trooper conducted a traffic stop. Tpr. Seruntine stated once the vehicle was stopped, he asked Defendant to step out of the vehicle. He testified both he and his partner smelled marijuana emanating from the car. Tpr. Seruntine's partner "asked [Defendant] if he had any weed in the car." In response, Defendant indicated that there was marijuana in the vehicle. Tpr. Seruntine stated that at that point in time that Defendant had not been "detained or arrested or *Mirandized*." After learning that Defendant had marijuana in the car, Tpr. Seruntine got into his patrol unit and

---

[2]The States motion was filed as objection to Defendant's motion to suppress evidence, statements, and identification.

[3] The trial court stated, in part:

> Watch me split this baby. Here we go. I'm sure this is really one that gets Mr. Cannizzaro's goat. I'm going to deny the motion to suppress evidence, because I can't find a case yet where plane [sic] smell in and of itself is not enough. I'm going to find that he wasn't free to leave, so I'm going to suppress the statement. Everybody wins and everybody loses.

started to run an NCIC check of Defendant. His partner and the other troopers searched the vehicle and "found the marijuana … along with a firearm inside of a tan GUCCI bag in the backseat which was described [ ] to be easily accessible" by the driver. The NCIC search revealed that Defendant "was a convicted felon and not allowed to own a firearm." Tpr. Seruntine stated that once it was confirmed Defendant was a convicted felon, he advised Defendant that he was under arrest.

**DISCUSSION**

When reviewing a trial court's decision on motions to suppress, the trial court's determinations of fact are reviewed for abuse of discretion, and legal decisions are reviewed *de novo*. *State v. Candebat*, 2013-0780, pp.6-7 (La. App. 4 Cir. 1/30/14), 133 So.3d 304, 306 (citing *State v. Wells*, 2008-2262 (La. 7/6/10), 45 So.3d 577); *see also State v. Olvarrieta,* 2025-0403, p. 3 (La. App. 4 Cir. 8/8/25), 418 So.3d 546, 549; *State v. Willis*, 2022-0452, p. 6 (La. App. 4 Cir. 9/1/22), 348 So.3d 167, 172.

*Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612 (1966), provides that:

> the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.

The Louisiana Supreme Court established that "*Miranda* only applies if three conditions are met: (1) the defendant is in 'custody' or significantly deprived of freedom, (2) there is an 'interrogation,' and (3) the interrogation is conducted by a 'law enforcement officer' or someone acting as their agent." *State v. Bernard*,

2009-1178, p. 5 (La. 3/16/10), 31 So.3d 1025, 1029. Moreover, as noted by this Court in *State v. Atkins*, 2025-0186, pp. 9-10 (La. App. 4 Cir. 5/21/25), 414 So.3d 1154, 1160–61:

> The U.S. Supreme Court has long held that the brief detention and preliminary questioning of a suspect to determine whether a crime has been committed is not a custodial interrogation requiring the protections of *Miranda*:

> [A] policeman who lacks probable cause but whose "observations lead him reasonably to suspect" that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to "investigate the circumstances that provoke suspicion." *United States v. Brignoni–Ponce*, 422 U.S. 873, 881, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975). "[T]he stop and inquiry must be 'reasonably related in scope to the justification for their initiation.'" *Ibid.* (quoting *Terry v. Ohio, supra*, 392 U.S. [1] at 29, 88 S.Ct. at 1884[, 20 L.Ed.2d 889 (1968)].) Typically, this means that the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions... The comparatively nonthreatening character of detentions of this sort explains the absence of any suggestion in our opinions that Terry stops are subject to the dictates of *Miranda*. The similarly noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not "in custody" for the purposes of *Miranda*.

> *Berkemer v. McCarty*, 468 U.S. 420, 439-40, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984); *see also State v. Shirley,* 2008-2106, p. 9 (La. 5/5/09), 10 So.3d 224, 230 (noting that "although...an individual detained in a *Terry* stop based on reasonable suspicion has had his freedom of movement curtailed in a significant way, until an arrest actually occurs, these Fourth Amendment seizures do not constitute custody for *Miranda* purposes."). Thus, a suspect's responses to public, "on-the-scene and non-custodial questioning," are admissible without *Miranda* warnings. *Shirley*, 2008-2106, p. 8 (La. 5/5/09), 10 So.3d at 229-30.

Here, the record shows that after the troopers conducted a legal traffic stop based on a "fictitious" temporary tag, they smelled marijuana emanating from the vehicle Defendant was driving. The troopers requested Defendant to step out of the vehicle and asked Defendant if there was any marijuana in the car. Defendant

responded that he "had some marijuana inside of the vehicle." We find the troopers actions amounted to a brief detention and preliminary questions of Defendant. *Miranda* warnings were not required because Defendant was not subject to custodial interrogation at the time. *See State v. Hill,* 2025-0316, pp. 16-17, (La. App. 4 Cir. 8/19/25), 418 So.3d 1119, 1130-31 (finding that the defendant was not in custody for *Miranda* purposes when the defendant was questioned at the front door of his apartment and was instructed to sit down on the sofa after the police entered the apartment); *Atkins*, 2025-0186, p. 12, 414 So.3d at 1162 (finding that the defendant was not under custodial interrogation such that *Miranda* warnings were required, when he made statements after a police officer asked him to sit down while the police were investigating an altercation involving the defendant and victim); *see also State v. Torbert*, *unpub.*, 2025-0695 (La. App. 4 Cir. 11/24/25) (granting writs and reversing the trial court's suppression of the defendant's statement on the grounds that the defendant was not subject to custodial detention at the time he spoke with officers outside his hotel room). As such, the trial court erred in granting the motion to suppress Defendant's statement.

**DECREE**

For the foregoing reasons, we grant the writ application and reverse the trial court's decision granting the motion to suppress statement.

**WRIT GRANTED; JUDGMENT REVERSED**